**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| TEXAS STATE LULAC; VOTO LATINO,<br>Plaintiffs, | §<br>§<br>§ | |
| v. | § | Civil Action No. 1:21-cv-00546-LY |
| BRUCE ELFANT, in his official capacity as Travis County Tax Assessor-Collector, et al.,<br>Defendants. | §<br>§<br>§<br>§ | |

**DEFENDANT BRUCE ELFANT'S ORIGINAL ANSWER TO PLAINTIFFS' COMPLAINT**

TO THE HONORABLE JUDGE LEE YEAKEL:

COMES NOW, Defendant Bruce Elfant, in his official capacity as the Travis County Tax Assessor-Collector ("Defendant Elfant"), by and through his attorney, the Travis County Attorney, and files his Original Answer to Plaintiffs' Complaint for Declaratory and Injunctive Relief [Dkt. 1] ("Plaintiffs' Complaint"). In support thereof, Defendant Elfant respectfully offers the following:

**DENIAL UNDER F.R.C.P. 8(b)(3)**

Pursuant to Federal Rule of Civil Procedure 8(b), Defendant Elfant denies each and every allegation contained in Plaintiffs' Complaint except those expressly admitted herein. Defendant Elfant generally admits that the provisions of S.B. 1111 (as enacted) will place significant practical burdens on Defendant's internal procedures as Voter Registrar for Travis County, but denies that any of Defendant's actions have violated any state or federal laws or rights secured under the United States Constitution. Defendant Elfant had no role in the enactment of S.B. 1111. Defendant Elfant does not intend to defend the constitutionality of S.B. 1111's provisions.

The following specific admissions and denials are made to the corresponding paragraphs of Plaintiffs' Complaint:

## RESPONSES TO ALLEGATIONS IN PLAINTIFFS' COMPLAINT

### NATURE OF CASE

1. Plaintiffs' allegations in Paragraph 1 are not directed toward Defendant Elfant, but in an abundance of caution, Defendant Elfant denies any allegations that could pertain to him.

2. Plaintiffs' allegations in Paragraph 2 are not directed toward Defendant Elfant, but in an abundance of caution, Defendant Elfant denies any allegations that could pertain to him.

3. Plaintiffs' allegations in Paragraph 3 are not directed toward Defendant Elfant, but in an abundance of caution, Defendant Elfant denies any allegations that could pertain to him.

4. Plaintiffs' allegations in Paragraph 4 are not directed toward Defendant Elfant, but in an abundance of caution, Defendant Elfant denies any allegations that could pertain to him.

5. Plaintiffs' allegations in Paragraph 5 are not directed toward Defendant Elfant, but in an abundance of caution, Defendant Elfant denies any allegations that could pertain to him.

6. The allegations in Paragraph 6 state legal conclusions to which no response is required.

7. The allegations in Paragraph 7 state legal conclusions to which no response is required. Defendant Elfant admits that Plaintiffs have accurately summarized portions of the final text of S.B. 1111.

8. The allegations in Paragraph 8 state legal conclusions to which no response is required.

9. The allegations in Paragraph 9 state legal conclusions to which no response is required.

10. The allegations in Paragraph 10 state legal conclusions to which no response is required.

11. The allegations in Paragraph 11 state legal conclusions to which no response is required.

12. The allegations in paragraph 12 state legal conclusions, and therefore require no response. To the extent said allegations require an answer, Defendant Elfant denies that his actions have violated any state or federal laws or rights secured under the United States Constitution.

**JURISDICTION AND VENUE**

13. The allegations in paragraph 13 state legal conclusions, and therefore require no response. To the extent said allegations require an answer, Defendant Elfant denies that his actions have violated any state or federal laws or rights secured under the United States Constitution.

14. Plaintiffs' allegations in Paragraph 14 contain arguments and characterizations of law to which no response is required. To the extent said allegations require an answer, Defendant Elfant denies that his actions have violated any state or federal laws or rights secured under the United States Constitution.

15. Defendant Elfant admits he is sued in his official capacity as the Travis County Tax Assessor-Collector.

16. Plaintiffs' allegations in Paragraph 16 contain arguments and characterizations of law to which no response is required. To the extent said allegations require an answer, Defendant Elfant denies that his actions have violated any state or federal laws or rights secured under the United States Constitution.

17. Plaintiffs' allegations in Paragraph 17 contain arguments and characterizations of law to which no response is required. To the extent said allegations require an answer, Defendant Elfant denies that his actions have violated any state or federal laws or rights secured under the United States Constitution.

**PARTIES**

18. Defendant Elfant admits, based on information and belief, that the Texas State LULAC is a nonprofit organization whose mission is generally known to be protecting civil rights, but is without sufficient knowledge or information to admit or deny the remainder of the allegations in paragraph 18.

19. Defendant Elfant cannot admit or deny the conclusory allegations in Paragraph 19 either due to lack of knowledge or information sufficient to form a belief about the truth of the allegations or because the allegations state legal conclusions to which no response is required.

20. Defendant Elfant admits, based on information and belief, that Vote Latino is a nonprofit organization whose mission is generally known to be protecting voting rights of the Latinx community, but is without sufficient knowledge or information to admit or deny the remainder of the allegations in paragraph 20.

21. Defendant Elfant cannot admit or deny the conclusory allegations in Paragraph 21 either due to lack of knowledge or information sufficient to form a belief about the truth of the allegations or because the allegations state legal conclusions to which no response is required.

22. Defendant Elfant admits that he is sued in his official capacity as the Travis County Tax Assessor-Collector and that he serves as the voter registrar for Travis County, but denies that his actions have violated any state or federal laws or rights secured under the United States Constitution.

23. Defendant Elfant admits that Jacquelyn Callanen is the Bexar County Elections Administrator but is without sufficient knowledge or information to admit or deny the remainder of the allegations in paragraph 23.

24. Defendant Elfant admits that Isabel Longoria is the Harris County Elections Administrator but is without sufficient knowledge or information to admit or deny the remainder of the allegations in paragraph 24.

25. Defendant Elfant admits that Yvonne Ramon is the Hidalgo County Elections Administrator but is without sufficient knowledge or information to admit or deny the remainder of the allegations in paragraph 25.

26. Defendant Elfant admits that Michael Scarpello is the Dallas County Elections Administrator but is without sufficient knowledge or information to admit or deny the remainder of the allegations in paragraph 26.

27. Defendant Elfant admits that Lisa Wise is the El Paso County Elections Administrator but is without sufficient knowledge or information to admit or deny the remainder of the allegations in paragraph 27.

## STATEMENT OF FACTS AND LAW

### 1. Changing Demographics of Texas Voters

28. Defendant Elfant admits the allegations in Paragraph 28.

29. Defendant Elfant cannot admit or deny the conclusory allegations in Paragraph 29 due to lack of knowledge or information sufficient to form a belief about the truth of the allegations.

30. Defendant Elfant cannot admit or deny the allegations in paragraph 30 due to lack of knowledge or information sufficient to form a belief about the truth of the allegations.

31. Defendant Elfant cannot admit or deny the allegations in Paragraph 31 due to lack of knowledge or information sufficient to form a belief about the truth of the allegations.

32. Defendant Elfant cannot admit or deny the allegations in Paragraph 32 due to lack of knowledge or information sufficient to form a belief about the truth of the allegations.

33. In general, Defendant Elfant admits the allegations in Paragraph 33, but cannot admit or deny the allegations as to specific numerical figures due to lack of knowledge or information sufficient to form a belief about the truth of the allegations.

34. In general, Defendant Elfant admits the allegations in Paragraph 34, but cannot admit or deny the allegations as to specific numerical figures due to lack of knowledge or information sufficient to form a belief about the truth of the allegations.

35. Plaintiffs' allegations in Paragraph 3 are not directed toward Defendant Elfant, but in an abundance of caution, Defendant Elfant denies any allegations that could pertain to him.

## II. Senate Bill 1111

36. The allegations in paragraph 36 state legal conclusions, and therefore require no response. To the extent said allegations require an answer, Defendant Elfant denies that his actions have violated any state or federal laws or rights secured under the United States Constitution.

### A. The Residence Restriction

37. Defendant Elfant admits the allegations in Paragraph 37.

38. Defendant Elfant cannot admit or deny the allegations in Paragraph 38 due to lack of knowledge or information sufficient to form a belief about the truth of the allegations.

39. The allegations in paragraph 39 state legal conclusions, and therefore require no response. To the extent said allegations require an answer, Defendant Elfant denies that his actions have violated any state or federal laws or rights secured under the United States Constitution.

40. The allegations in paragraph 40 state legal conclusions, and therefore require no response.

41. The allegations in the first sentence of Paragraph 41 state legal conclusions, and therefore require no response. Defendant Elfant admits that the second sentence of this paragraph accurately quotes the cited portion of the Texas Constitution. Defendant Elfant cannot admit or deny the allegations in the third sentence of Paragraph 41 due to lack of knowledge or information sufficient to form a belief about the truth of the allegations.

42. Defendant Elfant admits that Congressman Sessions changed districts but cannot admit or deny the remaining allegations in Paragraph 42 due to lack of knowledge or information sufficient to form a belief about the truth of the allegations.

43. The allegations in paragraph 43 state legal conclusions, and therefore require no response.

44. The allegations in paragraph 44 state legal conclusions, and therefore require no response.

**B. Temporary Relocation**

45. Defendant Elfant admits the allegations in Paragraph 45.

46. The allegations in Paragraph 46 state legal conclusions, and therefore require no response. However, Defendant Elfant admits that the second sentence accurately quotes the cited section of the Texas Election Code.

47. Defendant Elfant admits the allegations in the first sentence of Paragraph 47. The second sentence of Paragraph 47 states legal conclusions, and therefore requires no response.

**C. Post Office Boxes**

48. The allegations in Paragraph 48 state legal conclusions, and therefore require no response.

49. Defendant Elfant admits the allegations in Paragraph 49.

50. In general, Defendant Elfant admits the allegations in Paragraph 50; however, certain groups of persons are exempted from these requirements under Section 15.054(d), (e) and (f) of the Texas Elections Code under the final text of S.B. 1111.

51. Defendant Elfant admits the allegations in the first sentence of Paragraph 51. The second sentence of Paragraph 51 states legal conclusions, and therefore require no response.

## CLAIMS FOR RELIEF

## COUNT I

### U.S. Const. Amends. I, XIV; 42 U.S.C. § 1983
### Undue Burden on the Rights to Free Speech and Expression
### Against All Defendants

52. In response to Paragraph 52, Defendant Elfant incorporates by reference all of his former responses.

53. The allegations in Paragraph 53 state legal conclusions, and therefore require no response.

54. The allegations in Paragraph 54 state legal conclusions, and therefore require no response.

55. The allegations in paragraph 55 state legal conclusions, and therefore require no response. To the extent said allegations require an answer, Defendant Elfant denies that his actions have violated any state or federal laws or rights secured under the United States Constitution.

56. The allegations in Paragraph 56 state legal conclusions, and therefore require no response.

57. The allegations in Paragraph 57 state legal conclusions, and therefore require no response.

58. The allegations in paragraph 58 state legal conclusions, and therefore require no response. To the extent said allegations require an answer, Defendant Elfant denies that his actions have violated any state or federal laws or rights secured under the United States Constitution.

59. The allegations in paragraph 59 state legal conclusions, and therefore require no response. To the extent said allegations require an answer, Defendant Elfant denies that his actions have violated any state or federal laws or rights secured under the United States Constitution.

60. Defendant Elfant admits the allegations in the first two sentences of Paragraph 60. The allegations in the last sentence of Paragraph 60 states legal conclusions, and therefore require no response.

61. The allegations in paragraph 61 state legal conclusions, and therefore require no response.

62. The allegations in paragraph 62 state legal conclusions, and therefore require no response. To the extent said allegations require an answer, Defendant Elfant denies that his actions have violated any state or federal laws or rights secured under the United States Constitution.

63. The allegations in paragraph 63 state legal conclusions, and therefore require no response. To the extent said allegations require an answer, Defendant Elfant denies that his actions have violated any state or federal laws or rights secured under the United States Constitution.

64. The allegations in paragraph 64 state legal conclusions, and therefore require no response. To the extent said allegations require an answer, Defendant Elfant denies that his actions have violated any state or federal laws or rights secured under the United States Constitution.

/ / /

## COUNT II

**U.S. Const. Amends. I, XIV; 42 U.S.C. § 1983**
**Undue Burden on the Right to Vote**
**Against All Defendants**

65. In response to paragraph 65, Defendant Elfant incorporates by reference all of his former responses.

66. The allegations in paragraph 66 state legal conclusions, and therefore require no response.

67. The allegations in paragraph 67 state legal conclusions, and therefore require no response.

68. The allegations in paragraph 68 state legal conclusions, and therefore require no response.

69. The allegations in paragraph 69 state legal conclusions, and therefore require no response. To the extent said allegations require an answer, Defendant Elfant denies that his actions have violated any state or federal laws or rights secured under the United States Constitution.

70. The allegations in paragraph 70 state legal conclusions, and therefore require no response. To the extent said allegations require an answer, Defendant Elfant denies that his actions have violated any state or federal laws or rights secured under the United States Constitution.

71. The allegations in paragraph 71 state legal conclusions, and therefore require no response. To the extent said allegations require an answer, Defendant Elfant denies that his actions have violated any state or federal laws or rights secured under the United States Constitution.

72. The allegations in paragraph 72 state legal conclusions, and therefore require no response. To the extent said allegations require an answer, Defendant Elfant denies that his actions have violated any state or federal laws or rights secured under the United States Constitution.

73. The allegations in paragraph 73 state legal conclusions, and therefore require no response. To the extent said allegations require an answer, Defendant Elfant denies that his actions have violated any state or federal laws or rights secured under the United States Constitution.

## COUNT III

### U.S. Const. Amend. XXVI; 42 U.S.C. § 1983
### Denial or Abridgement of the Right to Vote on Account of Age
### Against All Defendants

74. In response to paragraph 74, Defendant Elfant incorporates by reference all of his former responses.

75. The allegations in paragraph 75 state legal conclusions, and therefore require no response.

76. The allegations in paragraph 76 state legal conclusions, and therefore require no response.

77. The allegations in paragraph 77 state legal conclusions, and therefore require no response.

78. The allegations in paragraph 78 state legal conclusions, and therefore require no response. To the extent said allegations require an answer, Defendant Elfant denies that his actions have violated any state or federal laws or rights secured under the United States Constitution.

## AFFIRMATIVE DEFENSES

79. Defendant Elfant asserts that sovereign immunity, qualified immunity, and/or equity and justice bar Plaintiff's recovery of attorneys' fees from Defendant Elfant in this lawsuit. Defendant Elfant had no role in enacting S.B. 1111, and does not intend to defend the constitutionality of this statute.

**RIGHT TO RAISE ADDITIONAL DEFENSES**

80. Defendant Elfant reserves the right to raise affirmative and other defenses that may become apparent throughout the factual development of this case.

**JURY DEMAND**

81. Defendant Elfant hereby demands a trial by jury on all issues so triable. Fed. R. Civ. P. 38(b); Fed. R. Civ. P. 81(c)(3)(b).

**CONCLUSION AND PRAYER**

Defendant Elfant denies that Plaintiffs are entitled to any of the relief requested or any relief whatsoever from Defendant Elfant as alleged in the paragraph below the heading entitled "Prayer for Relief" of the Plaintiffs' Complaint.

Defendant Elfant respectfully requests that all relief requested by Plaintiffs be denied, that he recover his attorneys' fees and costs, and that he be awarded any additional relief to which he may be entitled in law or in equity.

Respectfully submitted,

DELIA GARZA
County Attorney, Travis County
P. O. Box 1748
Austin, Texas 78767
Telephone: (512) 854-9513
Facsimile: (512) 854-4808

By: /s/ Sherine E. Thomas
SHERINE E. THOMAS
State Bar No. 00794734
sherine.thomas@traviscountytx.gov
LESLIE W. DIPPEL
State Bar No. 00796472
leslie.dippel@traviscountytx.gov
CYNTHIA W. VEIDT
State Bar No. 24028092
cynthia.veidt@traviscountytx.gov
*Attorneys for Defendant, Bruce Elfant, in his Official Capacity as the Travis County Tax Assessor-Collector*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 13th day of August, 2021, I electronically submitted the foregoing with the Clerk of Court for filing using the CM/ECF system, which will send notification of such filing to the following:

| | |
|---|---|
| Jonathan Patrick Hawley<br>jhawley@perkinscoie.com<br>Perkins Coie LLP<br>1201 Third Avenue, Suite 4900<br>Seattle, WA 98101<br>*Attorney for Plaintiffs* | Kathryn E. Yukevich<br>kyukevich@perkinscoie.com<br>Uzoma N. Nkwonta<br>unkwonta@perkinscoie.com<br>Perkins Coie LLP<br>700 Thirteenth Street, N.W., Suite 800<br>Washington, DC 20005<br>*Attorney for Plaintiffs* |
| Luis Roberto Vera , Jr.<br>lrvlaw@sbcglobal.net<br>Law Offices of Luis Roberto Vera & Associates, P.C.<br>111 Soledad Suite 1325<br>San Antonio, TX 78205-2260<br>*Attorney for Plaintiffs* | John Russell Hardin<br>johnhardin@perkinscoie.com<br>Perkins Coie, LLP<br>500 N. Akard Street, Suite 3300<br>Dallas, TX 75201<br>*Attorney for Plaintiffs* |
| Robert D. Green<br>robert.green@bexar.org<br>Bexar County District Attorney<br>101 W. Nueva, 7th Floor<br>San Antonio, TX 78205<br>*Attorney for Defendant Jacquelyn Callanen* | Sameer Singh Birring<br>sameer.birring@cao.hctx.net<br>Harris County Attorney's Office<br>1019 Congress, 15th Floor<br>Houston, TX 77002<br>*Attorney for Defendant Isabel Longoria* |
| Barbara S. Nicholas<br>Barbara.Nicholas@dallascounty.org<br>Earl S. Nesbitt<br>earl.nesbitt@dallascounty.org<br>Dallas District Attorney's Office<br>411 Elm Street, Suite 500<br>Dallas, TX 75202<br>*Attorneys for Defendant Michael Scarpello* | Angelica Lien Leo<br>aleo@cooley.com<br>Cooley LLP<br>3175 Hanover Street<br>Palo Alto, CA 94304<br>*Attorney for Defendant Lisa Wise* |

| | |
|---|---|
| Beatriz Mejia<br>mejiab@cooley.com<br>Danielle C. Pierre<br>Kathleen Hartnett<br>khartnett@cooley.com<br>Kelsey Spector<br>kspector@cooley.com<br>Sharon Song<br>song@cooley.com<br>Cooley LLP<br>3 Embarcadero Center, 20th Floor<br>San Francisco, CA 94111<br>*Attorneys for Defendant Lisa Wise* | Jo Anne Bernal<br>joanne.bernal@epcounty.com<br>John Edward Untereker<br>juntereker@epcounty.com<br>Office of the County Attorney<br>El Paso County Bldg.<br>500 E. San Antonio St., Rm. 203<br>El Paso, TX 79901-2419<br>*Attorneys for Defendant Lisa Wise* |
| Orion Armon<br>oarmon@cooley.com<br>Cooley LLP<br>1144 15th Street, Suite 2300<br>Denver, CO 80206<br>*Attorneys for Defendant Lisa Wise* | Josephine L. Ramirez<br>josephine.ramirez@da.co.hidalgo.tx<br>Hidalgo County District Attorney's Office<br>100 E. Cano, First Floor<br>Edinburg, TX 78539<br>*Attorney for Defendant Yvonne Ramon* |

/s/ Sherine E. Thomas
SHERINE E. THOMAS
LESLIE W. DIPPEL
CYNTHIA W. VEIDT
Assistant County Attorneys