UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| TEXAS STATE LULAC; VOTO LATINO, <br><br> Plaintiffs, <br><br> v. <br><br> BRUCE ELFANT, in his official capacity as the Travis County Tax Assessor-Collector; JACQUELYN CALLANEN, in her official capacity as the Bexar County Elections Administrator; ISABEL LONGORIA, in her official capacity as the Harris County Elections Administrator; YVONNE RAMÓN, in her official capacity as the Hidalgo County Elections Administrator; MICHAEL SCARPELLO, in his official capacity as the Dallas County Elections Administrator; LISA WISE, in her official capacity as the El Paso County Elections Administrator, <br><br> Defendants, <br><br> And <br><br> KEN PAXTON, in his official capacity of Attorney General of Texas, <br><br> [Proposed] Intervenor-Defendant. | Case No. 1:21-cv-00546-LY |

## TEXAS ATTORNEY GENERAL KEN PAXTON'S
## MOTION TO INTERVENE

Rule 24(a)(1) of the Federal Rules of Civil Procedure requires a court to "permit anyone to intervene who . . . is given an unconditional right to intervene by federal statute . . . ." Fed. R. Civ. P. 24(a)(1). Attorney General Ken Paxton (OAG) meets the requirements for an unconditional

1

right to intervene under 28 U.S.C. § 2403(b), and asserts that the interests of the State and its citizens are best served by allowing the OAG to weigh in on the constitutional questions raised by Plaintiffs' lawsuit—interests already recognized by federal statute and rules requiring OAG to be notified and granted an opportunity to speak for the interests of the State.

Because OAG meets the statutory requirements for mandatory intervention, OAG respectfully moves this Court to grant this motion and permit OAG to intervene and present argument on the constitutionality of the statutes Plaintiffs challenge in this action.

## ARGUMENT

### I. OAG Meets the Requirements for Mandatory Intervention

Granting permission to intervene is mandatory for anyone who is given an unconditional right to intervene by a federal statute. Fed. R. Civ. P. 24(a)(1). OAG has an unconditional right to intervene pursuant to 28 U.S.C. § 2403(b) because (1) this lawsuit does not include the State or any of its agencies, officers or employees as a party, and (2) the constitutionality of the Texas Elections Code, a set of laws affecting the public interest, has been drawn into question. Because the OAG meets the statutory requirements of 28 U.S.C. § 2403(b), OAG has a statutory right to "intervene for the presentation of evidence . . . and for argument on the question of constitutionality."

#### A. This motion is timely.

Plaintiffs filed this suit in federal court on June 22, 2021. *See* ECF 1. Contemporaneously, Plaintiffs filed a notice pursuant to Rule 5.1 of the Federal Rules of Civil Procedure styled *"Plaintiffs' Rule 5.1 Notice of Constitutional Question"*. *See* ECF 6. Rule 5.1 allows the attorney general to intervene "within 60 days after the notice is file or after the court certifies the challenge,

whichever is earlier." Fed. R. Civ. P. 5.1(c). The 60th day to intervene does not expire until August 23, 2021. Accordingly, this motion is timely filed.

### B. No State entity is a party.

The named defendants to this action do not include either the State of Texas or any of its agencies. Instead, the named defendants include a county tax-assessor collector and five county elections administrators. ECF 1 at ¶¶ 22-27. None of the named defendant officials are recognized as state officials or employees under Texas law. County tax-assessor collectors are county officials. *See* Tex. Loc. Gov't Code § 159.032; *see also Hartford Cas. Ins. Co. v. Price*, 435 F.Supp.2d 566, 572-74 (N.D. Tex. June 19, 2006) (holding that the Tarrant County Tax-Assessor Collector's Office is not an arm of the state of Texas). Similarly, the position of county election administrator is a county-level position that the Texas Legislature has granted county commissioners' courts the discretion to create for the benefit of a county. *See* Texas Elec. Code § 31.031 ("The commissioners court by written order may create the position of county elections administrator *for the county*." (emphasis added)).

### C. This suit draws into question the constitutionality of Texas statutes and the State and its citizens have an interest in defending them.

Plaintiffs make no secret of their intention to challenge the constitutionality of Texas's voter registration laws. *See* ECF 6 (Plaintiffs' notice styled "*Plaintiffs' Rule 5.1 Notice of Constitutional Question*"). This suit specifically draws into question the constitutionality of amendments to the Texas Election Code through Senate Bill 1111 (SB 1111). ECF 1 at ¶¶ 6-12, 52-78. SB 1111 amends Chapters 1 and 15 of the Texas Elections Code pertaining to state voter registration requirements, amendments the plaintiffs contend violate the First, Fourteenth, and Twenty-Sixth Amendments to the United States Constitution. *Id.*

Texas has an interest in making its views known on the constitutional questions raised in this case, an interest shared broadly by the citizens of this State, as recognized in federal law. *See, e.g.*, 28 U.S.C. § 2403(b) (requiring certification of constitutional challenges to the attorney general of the State); *see also Finch v. Miss. State Med. Ass'n, Inc.*, 585 F.2d 765, 779 (5th Cir. 1978) (citing *Thatcher v. Tennessee Gas Trans. Co.*, 180 F.2d 644, 648 n. 7 (5th Cir. 1950)); *see also Connecticut v. Doehr*, 501 U.S. 1, 7 n. 3 (1991) (noting that state intervened in appeal); *Bridges v. Phillips Petrol Co.*, 733 F.2d 1153, 1156 n. 7 (5th Cir. 1984) (certifying constitutional question to state attorney general to provide State with opportunity to petition for rehearing after noting district court's failure to certify); *see also* 7C Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1915 (2d ed.1986); Note, *Federal Intervention in Private Actions Involving the Public Interest*, 65 Harv. L. Rev. 319, 321–324 (1951).

## II.     Texas Should Be Heard

Disposing of this action without the State of Texas having a say will impair the State's interests. Passing judgment upon the constitutionality of a state statute without permitting the State's chief legal officer to be heard on those weighty questions undeniably impairs the State's interests, and therefore, the interests of Texas's citizens.

What's more, permitting this intervention will not harm any party to this litigation. The case is at its earliest stages; the Defendants have not yet answered. Accordingly, neither Plaintiffs nor Defendants will be prejudiced by this intervention. In contrast, Texas would be irreparably harmed if its statute is held unconstitutional, especially if the Court did so without hearing from OAG. *See Maryland v. King*, 133 S. Ct. 1, 2-3 (Roberts, J., in chambers) (quoting *New Motor Vehicle Bd. Of Cal. v. Orrin W. Fox Co.*, 434 U.S. 1345, 1351 (1977) (Rehnquist, J., in chambers).

Lastly, pursuant to Local Rule CV-7, counsel for the OAG emailed counsel for Plaintiffs and Defendants on August 11 & 12, 2021. Counsel for Plaintiffs, the El Paso County Elections Administrator, the Harris County Elections Administrator, and the Travis County Tax Assessor-Collector declined to take a position on the motion, and counsel for the Dallas County Elections Administrator and the Bexar County Elections Administrator did not respond to the correspondence. Thus, no party has expressed opposition to this motion at this time.

## CONCLUSION

The Texas Office of the Attorney General, by and through Attorney General Ken Paxton, prays that this Motion to Intervene be granted. A proposed Answer in Intervention is attached.

**Dated:** August 12, 2021.

Dated: August 12, 2021

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

Respectfully submitted.

PATRICK K. SWEETEN
Deputy Attorney General for Special Litigation
Texas Bar No. 00798537

WILLIAM T. THOMPSON
Deputy Chief, Special Litigation Unit
Texas Bar No. 24088531

ERIC A. HUDSON
Senior Special Counsel
Texas Bar No. 24059977

KATHLEEN HUNKER
Special Counsel
Texas Bar No. 24118415
*Pro Hac Vice Application Forthcoming*

OFFICE OF THE ATTORNEY GENERAL
SPECIAL LITIGATION UNIT
P.O. Box 12548 (MC-009)
Austin, Texas 78711-2548
Tel.: (512) 463-2100
Fax: (512) 457-4410
patrick.sweeten@oag.texas.gov
will.thomson@oag.texas.gov
eric.hudson@oag.texas.gov

*Counsel for Intervenor-Defendant Ken Paxton, in his official capacity as Texas Attorney General*

6

## CERTIFICATE OF CONFERENCE

I certify that on August 11 & 12, 2021, I conferred with counsel for the Plaintiffs and Defendants via electronic mail. As noted above, Counsel for Plaintiffs, the El Paso County Elections Administrator, the Harris County Elections Administrator, and the Travis County Tax Assessor-Collector declined to provide a position on this motion, and the balance of the parties did not respond to a request for their position on the motion. Thus, no party has expressed opposition to this motion at this time.

Eric A. Hudson
Counsel for Intervenor-Defendant

## CERTIFICATE OF SERVICE

I certify that on August 13, 2021, after receiving file-stamped copies from the Court, I will serve the foregoing document via electronic mail and via U.S. Postal Service to the following:

**Jonathan Patrick Hawley**
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101
Email: jhawley@perkinscoie.com

**Joseph N. Posimato**
Perkins Coie LLP
700 Thirteenth Street, N.W., Suite 800
Washington, DC 20005
Email: jposimato@perkinscoie.com

**Kathryn E. Yukevich**
Perkins Coie LLP
700 Thirteenth Street, N.W., Suite 800
Washington, DC 20005
Email: kyukevich@perkinscoie.com

**Luis Roberto Vera , Jr.**
Law Offices of Luis Roberto Vera & Associates, P.C.
111 Soledad Suite 1325
San Antonio, TX 78205-2260
Email: lrvlaw@sbcglobal.net

**Meaghan E. Mixon**
Perkins Coie, LLP
700 Thirteenth Street, N.W. Suite 800
Washington, DC 20005-3960
Email: mmixon@perkinscoie.com

**Uzoma N. Nkwonta**
Perkins Coie LLP
700 Thirteenth Street, N.W., Suite 800
Washington, DC 20005
Email: unkwonta@perkinscoie.com

**John Russell Hardin**
Perkins Coie, LLP
500 N. Akard Street, Suite 3300
Dallas, TX 75201
Email: johnhardin@perkinscoie.com

**Cynthia W. Veidt**
Travis County Attorney's Office
PO Box 1748
Austin, TX 78767
Email: cynthia.veidt@traviscountytx.gov

**Leslie W. Dippel**
Travis County Attorney's Office
P.O. Box 1748
314 W. 11th Street Room 500
Austin, TX 78767
Email: leslie.dippel@traviscountytx.gov

**Sherine Elizabeth Thomas**
Assistant County Attorney
P.O. Box 1748
Austin, TX 78767
Email: sherine.thomas@traviscountytx.gov

**Robert D. Green**
Bexar County District Attorney
Civil Division
101 W. Nueva 7th Floor
San Antonio, TX 78205
Email: robert.green@bexar.org

**Sameer Singh Birring**
Harris County Attorney's Office
1019 Congress 15th Floor
Houston, TX 77002
Email: sameer.birring@cao.hctx.net

**Angelica Lien Leo**
Cooley LLP
3175 Hanover Street
Palo Alto, CA 94304
Email: aleo@cooley.com

**Beatriz Mejia**
Cooley LLP
3 Embarcadero Center 20th Floor
San Francisco, CA 94111
Email: mejiab@cooley.com

**Danielle C. Pierre**
Cooley LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111
Email: dpierre@cooley.com

**Jo Anne Bernal**
Office of the County Attorney
El Paso County Bldg.
500 E. San Antonio St. Rm. 203
El Paso, TX 79901-2419
Email: joanne.bernal@epcounty.com

**John Edward Untereker**
El Paso County Attorney's Office
500 E. San Antonio Rm. 503
El Paso, TX 79902
Email: juntereker@epcounty.com

**Kathleen Hartnett**
Cooley LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111
Email: khartnett@cooley.com

**Kelsey Spector**
Cooley LLP
3 Embarcadero Center 20th Floor

San Francisco, CA 94111
Email: kspector@cooley.com

**Orion Armon**
Cooley LLP
1144 15th Street Suite 2300
Denver, CO 80206
Email: oarmon@cooley.com

**Sharon Song**
Cooley LLP
3 Embarcadero Center 20th Floor
San Francisco, CA 94111
Email: ssong@cooley.com

**Josephine L. Ramirez**
Hidalgo County District Attorney's Office
100 E. Cano, First Floor
Edinburg, TX 78539
Email: josephine.ramirez@da.co.hidalgo.tx.us

**Earl S. Nesbitt**
Assistant District Attorney, Civil Division
Dallas County Administration Building
411 Elm Street, 5th Floor
Dallas, TX 75202
Email: earl.nesbitt@dallascounty.org

**Barbara Nicholas**
Assistant District Attorney, Civil Division
Dallas County Administration Building
411 Elm Street, 5th Floor
Dallas, TX 75202
Email: barbara.nicholas@dallascounty.org

**Robert Henneke**
Texas Public Policy Foundation
901 Congress Avenue
Austin, TX 78701
Email: rhenneke@texaspolicy.com

**Chad Ennis**
Texas Public Policy Foundation
901 Congress Avenue
Austin, TX 78701
Email: cennis@texaspolicy.com

**Chance Weldon**
Texas Public Policy Foundation
901 Congress Avenue
Austin, TX 78701
Email: cweldon@texaspolicy.com

_____
Eric A. Hudson
Counsel for Intervenor-Defendant Ken
Paxton, in his official capacity as Texas
Attorney General