UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| Texas State LULAC; Voto Latino, <br><br> Plaintiffs, <br><br> v. <br><br> BRUCE ELFANT, in his official capacity as the Travis County Tax Assessor-Collector; JACQUELYN CALLANEN, in her official capacity as the Bexar County Elections Administrator; ISABEL LONGORIA, in her official capacity as the Harris County Elections Administrator; YVONNE RAMÓN, in her official capacity as the Hidalgo County Elections Administrator; MICHAEL SCARPELLO, in his official capacity as the Dallas County Elections Administrator; LISA WISE, in her official capacity as the El Paso County Elections Administrator, <br><br> Defendants, <br><br> And <br><br> KEN PAXTON, in his official capacity of Attorney General of Texas, <br><br> [Proposed] Intervenor-Defendant. | Case No. 1:21-cv-00546-LY |

**REPLY IN SUPPORT OF TEXAS ATTORNEY GENERAL
KEN PAXTON'S MOTION TO INTERVENE**[1]

---

[1] Defendant Lisa Wise filed a responsive pleading nearly identical to the Plaintiffs' and raised the identical issue Plaintiffs raised. *See* ECF 65. To avoid unnecessary duplication, OAG contends that this response fully addresses the issue raised both by Plaintiffs and Defendant Wise, and therefore, unless directed by the Court, will not submit separate briefing to address Defendant Wise's tag-along response.

1

Plaintiffs filed a response to the Texas Attorney General Ken Paxton's (OAG) Motion to Intervene on September 25, 2021. In that response, Plaintiffs Texas State LULAC and Voto Latino (Plaintiffs) claim confusion about whether an intervention by the Office of the Attorney General is equivalent to an intervention by the State of Texas. ECF 61 at 2. Intervention is appropriate regardless of whether the proposed caption says, "Ken Paxton, in his official capacity," or "State of Texas." *See Rayborn v. Bossier Parish Sch. Bd.*, 881 F.3d 409, 417 (5th Cir. 2018) (quoting *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985), for the proposition that "suits against officials in their official capacities 'generally represent only another way of pleading an action against an entity of which an officer is an agent'"). Plaintiffs helpfully prove the point by noting that the Texas Attorney General has intervened under both the official capacity of the Texas Attorney General and as the State of Texas. ECF 61 at 2-3 n. 1. Courts grant such motions to intervene, regardless of how the caption reads.[2] That is not surprising. Federal Rule of Civil Procedure 5.1, which "implements 28 U.S.C. § 2403," expressly authorizes intervention by "the attorney general." Fed. R. Civ. P. 5.1(c) & adv. comm. notes.

The caption makes no difference to Plaintiffs' claims. By defending local officials, who are obligated to follow state law, from Plaintiffs' constitutional claims, neither OAG nor the State of Texas would itself become subject to Plaintiffs' claims. In other words, intervention would not transform OAG or the State into a defendant against which any relief could be ordered. When "[t]he State is a party only be virtue of 28 U.S.C. § 2403(b)," it "is not subject to liability." *Tennessee v. Garner*, 471 U.S. 1, 22 (1985).

---

[2] *See, e.g., Landry v. Cypress Fairbanks Indep. Sch. Dist.*, No. 4:17-cv-3004 (S.D. Tex. Sept. 25, 2018), ECF 48 (allowing the "State of Texas" to intervene); *Valentine v. Smith*, No. 1:04-cv-265 (N.D. Tex. July 19, 2005), ECF 52 (allowing "The State of Texas" to intervene); *Zen Music Festivals, L.L.C. v. Stewart*, No. 3:02-cv-1998 (N.D. Tex. Sept. 18, 2002), ECF 14 (allowing "The Attorney General of Texas" to intervene); *Gibson v. Dallas County Educ. Dist.*, No. 3:92-cv-2388 (N.D. Tex. Feb. 2, 1993), ECF 20 (granting "motion to intervene . . . by Texas Atty Gen" on docket labelling the intervenor-defendant as "Attorney General of Texas"). The same is true in other States. *See Doe No. 1 v. Putnam County*, No. 7:16-cv-8191 (S.D.N.Y. Dec. 5, 2017), ECF 49 (granting a motion to intervene and listing "State of New York Attorney General" as the intervenor); *RI Cogeneration v. East Providence*, No. 1:89-cv-327 (D. R.I. Jan. 4, 1990), ECF 29 (granting "motion to Intervene by Attorney General RI" and labelling the movant "Attorney General for the State of Rhode Island").

Intervening does not waive Texas's sovereign immunity, either from suit or liability. Although OAG will become "subject to all liabilities of a party as to court costs to the extent necessary for a proper presentation of the facts and law relating to the question of constitutionality," 28 U.S.C. § 2403(b), it is not subject to liability for attorney's fees or other expenses or equitable relief. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (rejecting an award of attorney's fees against a State because "liability on the merits and responsibility for fees go hand in hand").

## CONCLUSION

The Court should grant OAG's motion.

Dated: August 31, 2021

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

Respectfully submitted.

PATRICK K. SWEETEN
Deputy Attorney General for Special Litigation
Texas Bar No. 00798537

WILLIAM T. THOMPSON
Deputy Chief, Special Litigation Unit
Texas Bar No. 24088531

/s/ Eric A. Hudson
ERIC A. HUDSON
Senior Special Counsel
Texas Bar No. 24059977

KATHLEEN HUNKER
Special Counsel
Texas Bar No. 24118415
*Pro Hac Vice Application Forthcoming*

OFFICE OF THE ATTORNEY GENERAL
SPECIAL LITIGATION UNIT
P.O. Box 12548 (MC-009)
Austin, Texas 78711-2548
Tel.: (512) 463-2100
Fax: (512) 457-4410
patrick.sweeten@oag.texas.gov
will.thomson@oag.texas.gov
eric.hudson@oag.texas.gov

*Counsel for Intervenor-Defendant Ken Paxton, in his official capacity as Texas Attorney General*

## CERTIFICATE OF SERVICE

I certify that on August 31, 2021, this document was served through the Court's CM/ECF Document Filing System or through electronic mail, upon the following counsel of record:

**Jonathan Patrick Hawley**
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101
Email: jhawley@perkinscoie.com

**Joseph N. Posimato**
Perkins Coie LLP
700 Thirteenth Street, N.W., Suite 800
Washington, DC 20005
Email: jposimato@perkinscoie.com

**Kathryn E. Yukevich**
Perkins Coie LLP
700 Thirteenth Street, N.W., Suite 800
Washington, DC 20005
Email: kyukevich@perkinscoie.com

**Luis Roberto Vera , Jr.**
Law Offices of Luis Roberto Vera & Associates, P.C.
111 Soledad Suite 1325
San Antonio, TX 78205-2260
Email: lrvlaw@sbcglobal.net

**Meaghan E. Mixon**
Perkins Coie, LLP
700 Thirteenth Street, N.W. Suite 800
Washington, DC 20005-3960
Email: mmixon@perkinscoie.com

**Uzoma N. Nkwonta**
Perkins Coie LLP
700 Thirteenth Street, N.W., Suite 800
Washington, DC 20005
Email: unkwonta@perkinscoie.com

**John Russell Hardin**
Perkins Coie, LLP
500 N. Akard Street, Suite 3300
Dallas, TX 75201
Email: johnhardin@perkinscoie.com

**Cynthia W. Veidt**
Travis County Attorney's Office
PO Box 1748
Austin, TX 78767
Email: cynthia.veidt@traviscountytx.gov

**Leslie W. Dippel**
Travis County Attorney's Office
P.O. Box 1748
314 W. 11th Street Room 500
Austin, TX 78767
Email: leslie.dippel@traviscountytx.gov

**Sherine Elizabeth Thomas**
Assistant County Attorney
P.O. Box 1748
Austin, TX 78767
Email: sherine.thomas@traviscountytx.gov

**Robert D. Green**
Bexar County District Attorney
Civil Division
101 W. Nueva 7th Floor
San Antonio, TX 78205
Email: robert.green@bexar.org

**Sameer Singh Birring**
Harris County Attorney's Office
1019 Congress 15th Floor
Houston, TX 77002
Email: sameer.birring@cao.hctx.net

**Angelica Lien Leo**
Cooley LLP
3175 Hanover Street
Palo Alto, CA 94304
Email: aleo@cooley.com

**Beatriz Mejia**
Cooley LLP
3 Embarcadero Center 20th Floor
San Francisco, CA 94111
Email: mejiab@cooley.com

**Danielle C. Pierre**
Cooley LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111
Email: dpierre@cooley.com

**Jo Anne Bernal**
Office of the County Attorney
El Paso County Bldg.
500 E. San Antonio St. Rm. 203
El Paso, TX 79901-2419
Email: joanne.bernal@epcounty.com

**John Edward Untereker**
El Paso County Attorney's Office
500 E. San Antonio Rm. 503
El Paso, TX 79902
Email: juntereker@epcounty.com

**Kathleen Hartnett**
Cooley LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111
Email: khartnett@cooley.com

**Kelsey Spector**
Cooley LLP
3 Embarcadero Center 20th Floor
San Francisco, CA 94111
Email: kspector@cooley.com

**Orion Armon**
Cooley LLP
1144 15th Street Suite 2300
Denver, CO 80206
Email: oarmon@cooley.com

**Sharon Song**
Cooley LLP
3 Embarcadero Center 20th Floor
San Francisco, CA 94111
Email: ssong@cooley.com

**Josephine L. Ramirez**
Hidalgo County District Attorney's Office
100 E. Cano, First Floor
Edinburg, TX 78539
Email: josephine.ramirez@da.co.hidalgo.tx.us

**Earl S. Nesbitt**
Assistant District Attorney, Civil Division
Dallas County Administration Building
411 Elm Street, 5th Floor
Dallas, TX 75202
Email: earl.nesbitt@dallascounty.org

**Barbara Nicholas**
Assistant District Attorney, Civil Division
Dallas County Administration Building
411 Elm Street, 5th Floor
Dallas, TX 75202
Email: barbara.nicholas@dallascounty.org

**Robert Henneke**
Texas Public Policy Foundation
901 Congress Avenue
Austin, TX 78701
Email: rhenneke@texaspolicy.com

**Chad Ennis**
Texas Public Policy Foundation
901 Congress Avenue
Austin, TX 78701
Email: cennis@texaspolicy.com

**Chance Weldon**
Texas Public Policy Foundation
901 Congress Avenue
Austin, TX 78701
Email: cweldon@texaspolicy.com

                                           */s/ Eric A. Hudson*
                                           Eric A. Hudson
                                           Counsel for Intervenor-Defendant Ken Paxton, in his official capacity as Texas Attorney General