**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **TEXAS STATE LULAC; VOTO LATINO,** | § § § | |
| **Plaintiffs,** | § § | |
| **v.** | § § | **CIVIL ACTION NO.** **1:21-cv-546** |
| **BRUCE ELFANT, et. al.** | § § § | |
| **Defendants.** | § § § | |

<u>**SECOND AMENDED ANSWER OF DEFENDANT MICHAEL SCARPELLO**</u>

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant Michael Scarpello ("Defendant Scarpello"), in his official capacity, and for his First Amended Answer to Plaintiff's Original Complaint ("Complaint") (Doc. 1) admits, denies, and alleges as follows:

**I.**
**RESPONSIVE PLEADINGS**

**NATURE OF THE CASE**

1.      Paragraph 1 of Plaintiff's Complaint contains legal conclusions and argument to which no responsive pleading is required.  Defendant Scarpello is without sufficient information or knowledge to admit or deny the remainder of the allegations in Paragraph 1, therefore the allegations are denied.

2.      The allegations in Paragraph 2 are vague and general.  Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 2, therefore the allegations are denied.

3.      As to the factual allegations included in Paragraph 3 regarding "young" and "minority" voters, due to the vagueness of these allegations, Defendant Scarpello is without sufficient information or knowledge to admit or deny same, therefore the allegations are denied. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 3, therefore the allegations are denied.

4.      Defendant Scarpello admits that former president Donald Trump was defeated. Defendant Scarpello admits that the Texas Legislature introduced bills relating to elections and voting in the most recent legislative session.  Those bills speak for themselves.  Defendant Scarpello is without sufficient information or knowledge to admit or deny the remainder of the allegations in Paragraph 4, therefore the allegations are denied.

5.       Paragraph 5 contain legal conclusions and argument to which no responsive pleading is required.  To the extent a response is required, Defendant Scarpello states that the statutes and bills passed speak for themselves. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remainder of the allegations in Paragraph 5, therefore the allegations are denied.

6.      Defendant Scarpello admits that the lawsuit challenges Senate Bill 1111.  Paragraph 6 also contains legal conclusions and argument to which no responsive pleading is required. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remainder of the allegations in Paragraph 6, therefore the allegations are denied.

7.      Paragraph 7 contains legal conclusions and argument to which no responsive pleading is required.  To the extent a response is required, Defendant Scarpello states that SB1111 speaks for itself. Otherwise, Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 7, therefore, the allegations are denied.

8.      Paragraph 8 of Plaintiff's Complaint contains legal conclusions and argument to which no responsive pleading is required.  As to the remainder of the allegations, Defendant Scarpello is without sufficient information or knowledge to admit or deny same, therefore the allegations are denied.

9.      Paragraph 9 contains legal conclusions and argument to which no responsive pleading is required.  Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 9, therefore the allegations are denied.

10.     Defendant Scarpello admits that Plaintiffs are involved in voter registration. Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 10, therefore the allegations are denied.

11.     Paragraph 11 of Plaintiff's Complaint contains legal conclusions and argument to which no responsive pleading is required. Defendant Scarpello denies that he has violated any state or federal laws or the U.S. Constitution. As to the remainder of the allegations, Defendant Scarpello is without sufficient information or knowledge to admit or deny same, therefore the allegations are denied.

12.     Paragraph 12 contains factual allegations to which a responsive pleading is not required.  To the extent a response is required, Defendant Scarpello admits that Plaintiffs' Complaint alleges violations of the First, Fourteenth, and Twenty-Sixth Amendments to the U.S.

Constitution; otherwise, Defendant is without sufficient information or knowledge to admit or deny the allegations in Paragraph 12, therefore, the allegations are denied.

## JURISDICTION AND VENUE

13.     Paragraph 13 contains factual allegations to which a responsive pleading is not required.  To the extent a response is required, Defendant Scarpello admits that Plaintiff brought suit under 42 U.S.C. §§ 1983 and 1988. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remainder of the allegations, therefore the allegations are denied.

14.     Defendant Scarpello admits Paragraph 14. Defendant Scarpello, however, denies that there has been any constitutional violation.

15.     Defendant Scarpello admits that the court has personal jurisdiction over him and he is sued in his official capacity as Dallas County Elections Administrator. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remainder of the allegations in Paragraph 15, therefore the allegations are denied.

16.     Defendant Scarpello admits that venue is proper. Defendant Scarpello, however, denies that a substantial part of the events that give rise to Plaintiffs' claims against him occurred and will occur in this district.

17.     Paragraph 17 contains factual allegations and legal conclusions to which a responsive pleading is not required. To the extent a response is required, Defendant Scarpello states that the statutes and FRCP speak for themselves.

## PARTIES

18.     Defendant Scarpello admits that Plaintiff LULAC is involved in civil rights activities. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remainder of the allegations in Paragraph 18, therefore the allegations are denied.

19.     Defendant Scarpello admits that Plaintiff LULAC is involved in voter registration activities.  Defendant Scarpello is without sufficient information or knowledge to admit or deny the remainder of the allegations in Paragraph 19, therefore the allegations are denied.

20.     Defendant Scarpello admits that Plaintiff Voto Latino is involved in voter registration activities.  Defendant Scarpello is without sufficient information or knowledge to admit or deny the remainder of the allegations in Paragraph 20, therefore the allegations are denied.

21.     Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 21, therefore the allegations are denied.

22.     Paragraph 22 is not directed at Defendant Scarpello and Defendant Scarpello is not required to respond. To the extent any response is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 22, therefore the allegations are denied.

23.     Paragraph 23 is not directed at Defendant Scarpello and Defendant Scarpello is not required to respond. To the extent any response is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 23, therefore the allegations are denied.

24.     Paragraph 24 is not directed at Defendant Scarpello and Defendant Scarpello is not required to respond. To the extent any response is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 24, therefore the allegations are denied.

25.     Paragraph 25 is not directed at Defendant Scarpello and Defendant Scarpello is not required to respond. To the extent any response is required, Defendant Scarpello is without

sufficient information or knowledge to admit or deny the allegations in Paragraph 25, therefore the allegations are denied.

26.     Defendant Scarpello admits Paragraph 26.

27.     Paragraph 27 is not directed at Defendant Scarpello and Defendant Scarpello is not required to respond. To the extent any response is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 27, therefore the allegations are denied.

## STATEMENT OF FACTS AND LAW

28.     Defendant Scarpello admits that voting is a fundamental right, that the midterm election in 2018 and presidential election in 2020 resulted in the State's highest voter turnout in decades, and the election took place during COVID-19 pandemic. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remainder of the allegations in Paragraph 28, therefore the allegations are denied.

29.     Defendant Scarpello admits that there have been demographic shifts in Texas. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remainder of the allegations in Paragraph 29, therefore the allegations are denied.

30.     Defendant Scarpello admits that Greg Abbot is the Republican governor of Texas and that people are moving to Texas from other states.  Defendant Scarpello is without sufficient information or knowledge to admit or deny the remainder of the allegations in Paragraph 30, therefore the allegations are denied.

31.     Defendant Scarpello admits that Greg Abbot is governor of Texas.  Defendant Scarpello is without sufficient information or knowledge to admit or deny the remainder of the allegations in Paragraph 31, therefore the allegations are denied.

32.     Defendant Scarpello admits that new Texans are settling in Texas, including the Dallas-Fort Worth Metroplex.  Defendant Scarpello is without sufficient information or knowledge to admit or deny the remainder of the allegations in Paragraph 32, therefore the allegations are denied.

33.     Defendant Scarpello admits that, in 2018, Texas saw its highest voter turnout for a midterm election in over two decades and there were democratic candidates who defeated republican incumbents. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remainder of the allegations in Paragraph 33, therefore the allegations are denied.

34.     Defendant Scarpello admits that voter turnout increased in the 2020 general election.  As to the factual allegations included in paragraph regarding "minority" and "urban," voters, due to the vagueness of these allegations, Defendant Scarpello is without sufficient information or knowledge to admit or deny same, therefore the allegations are denied. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remainder of the allegations in Paragraph 34, therefore the allegations are denied.

35.     Defendant Scarpello admits that the Texas Legislature passed SB1111 and attempted to pass other voting/election legislation.  That legislation, including SB 1111, speaks for itself.  Defendant Scarpello is without sufficient information or knowledge to admit or deny the remainder of the allegations in Paragraph 35, therefore the allegations are denied.

36.     Paragraph 36 contains legal conclusions to which no responsive pleading is required and legal arguments on the interpretation of SB1111, which speaks for itself. To the extent that Paragraph 36 contains factual allegations to which a responsive pleading is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny, therefore the allegations are denied.

37.     Paragraph 37 contains legal conclusions to which no responsive pleading is required and legal argument on the interpretation of SB1111, which speaks for itself.  To the extent that Paragraph 37 contains factual allegations to which a responsive pleading is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny, therefore the allegations are denied.

38.     Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 38, therefore the allegations are denied.

39.     Paragraph 39 contains legal conclusions to which no responsive pleading is required and legal arguments on the interpretation of SB1111, which speaks for itself.  To the extent that Paragraph 39 misstates the law or contains factual allegations to which a responsive pleading is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny, therefore the allegations are denied.

40.     Paragraph 40 contains legal conclusions and legal arguments on the interpretation of SB1111, which speaks for itself.  To the extent that Paragraph 40 misstates the law or contains factual allegations to which a responsive pleading is required, Defendant Scarpello denies the allegations in Paragraph 37.

41.     Paragraph 41 contains legal conclusions and legal arguments on statutory and constitutional provisions as to residency, which speak for themselves. To the extent that Paragraph 41 contains factual allegations to which a responsive pleading is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny, therefore the allegations are denied.

42.     Defendant Scarpello admits that Pete Sessions is a Republican congressman. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remainder of the allegations in Paragraph 42, therefore the allegations are denied.

43.     Paragraph 43 contains legal conclusions and legal arguments on the interpretation of SB1111, which speaks for itself.  The allegations in Paragraph 43 are vague and general.  To the extent that Paragraph 43 contains factual allegations to which a responsive pleading is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny, therefore the allegations are denied.

44.     Paragraph 44 contains legal conclusions to which no responsive pleading is required.  The allegations in Paragraph 44 are vague and general.   To the extent that Paragraph 44 contains factual allegations to which a responsive pleading is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny, therefore the allegations are denied.

45.     Paragraph 45 cites to provisions of SB1111, which speak for themselves.  To the extent that Paragraph 44 contains factual allegations to which a responsive pleading is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny, therefore the allegations are denied.

46.     Paragraph 46 contains legal conclusions to which no responsive pleading is required and legal arguments on the interpretation of SB1111, which speaks for itself.   The allegations in paragraph 46 are vague and general.  To the extent that Paragraph 46 contains factual allegations to which a responsive pleading is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny, therefore the allegations are denied.

47.     Paragraph 47 contains legal conclusions to which no responsive pleading is required and legal arguments on the interpretation of SB1111 in relation to the Election Code, which speaks for themselves.  To the extent that Paragraph 47 contains factual allegations to which a responsive pleading is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny, therefore the allegations are denied.

48.     Paragraph 48 contains legal conclusions to which no responsive pleading is required and legal arguments on the interpretation of SB1111 in relation to the Election Code, which speaks for themselves.  The allegations in Paragraph 48 are vague and general.  To the extent that Paragraph 48 contains factual allegations to which a responsive pleading is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny, therefore the allegations are denied.

49.     Defendant Scarpello admits SB1111 addresses voter-identification requirements. Otherwise, Paragraph 49 contains legal conclusions and legal arguments on the interpretation of SB1111, which speaks for itself.  To the extent that the remaining allegations in Paragraph 49 contains factual allegations to which a responsive pleading is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny, therefore the allegations are denied.

50.     Paragraph 50 contains legal conclusions to which no responsive pleading is required and legal arguments on the interpretation of SB1111, which speaks for itself.  To the extent that the remaining allegations in Paragraph 50 contains factual allegations to which a responsive pleading is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny, therefore the allegations are denied.

51.     Paragraph 51 contains legal conclusions to which no responsive pleading is required and legal arguments on the interpretation of SB1111, which speaks for itself.  To the extent that the remaining allegations in Paragraph 51 contains factual allegations to which a responsive pleading is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny, therefore the allegations are denied.

**CLAIMS FOR RELIEF**

**<u>COUNT I</u>**

**U.S. Const. Amend. I, XIV; 42 U.S.C. § 1983**
**Undue Burden on the Rights to Free Speech and Expression**

52.     With regard to Paragraph 52, Defendant Scarpello repeats and reaffirms its answers to each and every allegation contained in the paragraphs above and incorporate the same herein as though fully set forth herein.

53.     Paragraph 53 cites case law, which speak for themselves.

54.     Paragraph 54 cites case law, which speaks for itself.

55.     Paragraph 55 contains legal conclusions to which no responsive pleading is required and legal arguments on the interpretation of SB1111, which speaks for itself.   The allegations in Paragraph 55 are vague and general.  To the extent that the remaining allegations in Paragraph 55 contains factual allegations to which a responsive pleading is required, Defendant Scarpello denies that he violated the free speech guarantees under the Constitution. Defendant Scarpello is without sufficient information or knowledge to admit or deny, therefore the allegations are denied.

56.     Paragraph 56 contains legal conclusions to which no responsive pleading is required and legal arguments on the interpretation of SB1111, which speaks for itself Paragraph 56 cites to case law, which speaks for itself.  To the extent that the remaining allegations in Paragraph 56 contains factual allegations to which a responsive pleading is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny, therefore the allegations are denied.

57.     Paragraph 57 contains legal conclusions to which no responsive pleading is required, and contains legal arguments on the interpretation of SB 1111 and citations to case law, which speaks for themselves.  To the extent that the remaining allegations in Paragraph 57 contains

factual allegations to which a responsive pleading is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny, therefore the allegations are denied.

58.    Paragraph 58 contains legal conclusions to which no responsive pleading is required and legal arguments on the interpretation of SB1111, which speaks for itself. To the extent that the remaining allegations in Paragraph 58 contains factual allegations to which a responsive pleading is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny, therefore the allegations are denied.

59.    Paragraph 59 contains legal conclusions to which no responsive pleading is required, and contains legal arguments on the interpretation of SB1111 and citations to case law, which speaks for themselves.  To the extent that the remaining allegations in Paragraph 59 contains factual allegations to which a responsive pleading is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny, therefore the allegations are denied.

60.    Paragraph 60 contains legal conclusions to which no responsive pleading is required and legal arguments on the interpretation of SB1111, which speaks for itself. To the extent that the remaining allegations in Paragraph 60 contains factual allegations to which a responsive pleading is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny, therefore the allegations are denied.

61.    Paragraph 61 contains legal conclusions to which no responsive pleading is required and legal arguments on the interpretation of SB1111, which speaks for itself. To the extent that the remaining allegations in Paragraph 61 contains factual allegations to which a responsive pleading is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny, therefore the allegations are denied.

62.     Paragraph 62 contains legal conclusions to which no responsive pleading is required, and contains legal arguments on the interpretation of SB1111, as well as references to case law and the Election Code, which speaks for themselves.  To the extent that the remaining allegations in Paragraph 62 contains factual allegations to which a responsive pleading is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny, therefore the allegations are denied.

63.     Paragraph 63 contains legal conclusions to which no responsive pleading is required, and contains legal arguments on the interpretation of SB1111 and citations from case law, which speaks for themselves. To the extent that the remaining allegations in Paragraph 63 contains factual allegations to which a responsive pleading is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny, therefore the allegations are denied.

64.     Paragraph 64 contains legal conclusions to which no responsive pleading is required and legal arguments on the interpretation of SB1111, which speaks for itself. To the extent that the remaining allegations in Paragraph 64 contains factual allegations to which a responsive pleading is required, Defendant Scarpello denies that he has violated the First Amendment guarantees of free speech and expression. Defendant Scarpello is without sufficient information or knowledge to admit or deny, therefore the allegations are denied.

**<u>COUNT II</u>**
**U.S. Const. Amend. I, XIV; 42 U.S.C. § 1983**
**Undue Burden on the Right to Vote**

65.     With regard to Paragraph 65, Defendant Scarpello repeats and reaffirms its answers to each and every allegation contained in the paragraphs above and incorporate the same herein as though fully set forth herein.

*SECOND AMENDED ANSWER OF DEFENDANT MICHAEL SCARPELLO*                    **PAGE 13**

66.     Paragraph 66 cites to the First and Fourteenth Amendments to the U.S. Constitution, which speak for themselves.

67.     Paragraph 65 cites case law, which speak for itself.

68.     Paragraph 66 cites case law, which speak for itself.

69.     Paragraph 69 contains legal conclusions to which no responsive pleading is required and legal arguments on the interpretation of SB1111, which speaks for itself. To the extent that the remaining allegations in Paragraph 69 contains factual allegations to which a responsive pleading is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny, therefore the allegations are denied.

70.     Paragraph 70 contains legal conclusions to which no responsive pleading is required and legal arguments on the interpretation of SB1111, which speaks for itself. To the extent that the remaining allegations in Paragraph 70 contains factual allegations to which a responsive pleading is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny, therefore the allegations are denied.

71.     Paragraph 71 contains legal conclusions to which no responsive pleading is required and legal arguments on the interpretation of SB1111, which speaks for itself. To the extent that the remaining allegations in Paragraph 71 contains factual allegations to which a responsive pleading is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny, therefore the allegations are denied.

72.     Paragraph 72 cites to case law, which speaks for itself, and contains legal argument interpreting that case law, to which no response is required. To the extent that the remaining allegations in Paragraph 72 contains factual allegations to which a responsive pleading is required,

Defendant Scarpello is without sufficient information or knowledge to admit or deny, therefore the allegations are denied.

73.     Paragraph 73 contains legal conclusions to which no responsive pleading is required and legal arguments on the interpretation of SB1111, which speaks for itself. To the extent that the remaining allegations in Paragraph 73 contains factual allegations to which a responsive pleading is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny, therefore the allegations are denied.

**COUNT III**
**U.S. Const. Amend. XXVI; 42 U.S.C. § 1983**
**Denial or Abridgement of the Right to Vote on Account of Age**
**Against All Defendants**

74.     With regard to Paragraph 74, Defendant Scarpello repeats and reaffirms its answers to each and every allegation contained in the paragraphs above and incorporate the same herein as though fully set forth herein.

75.     Paragraph 75 cites to case law and Constitutional provisions, which speak for themselves.

76.     Paragraph 76 cites to case law and Constitutional provisions, which speak for themselves.

77.     Paragraph 77 cites to case law and Constitutional provisions, which speak for themselves.

78.     Paragraph 78 contains legal conclusions to which no responsive pleading is required and legal arguments on the interpretation of SB1111, which speaks for itself. To the extent that the remaining allegations in Paragraph 78 contains factual allegations to which a responsive pleading is required, Defendant Scarpello denies that he has violated the Twenty-Sixth

Amendment.  Defendant Scarpello is without sufficient information or knowledge to admit or deny, therefore the allegations are denied.

79.     Defendant Scarpello denies the allegations, if any, contained in the Prayer section of the Complaint and denies that Plaintiff is entitled to the relief requested, including declaratory or injunctive relief relative to Defendant Scarpello, and denies that Plaintiff may recover any costs, disbursements, and reasonable attorney's fees from Defendant Scarpello.

## DEFENSES AND AFFIRMATIVE DEFENSES

80.     By pleading the following Defenses or Affirmative Defenses, Defendant does not concede that each of the matters covered by the numbered defenses is to be proven by Defendant, and Defendant reserves its position that Plaintiffs retain the burden of proof on all matters necessary to prove the claims asserted in the Complaint and to establish their alleged damages.

## FIRST DEFENSE

81.     The Complaint, in whole or in part, fails to state a claim upon which relief can be granted as to Defendant Scarpello.

## SECOND DEFENSE

82.     Defendant Scarpello at all times acted in accordance with the United States Constitution and the laws of the State of Texas and in good faith.

## THIRD DEFENSE

83.     Plaintiffs Section 1983 claims are barred to the extent that Defendant Scarpello is not a policymaker as to SB111. Defendant Scarpello is not empowered or authorized to change Texas law passed by the Legislature and signed by the Governor.  Defendant Scarpello also is not afforded discretion in enforcement of the requirements under SB111.

## FOURTH DEFENSE

*SECOND AMENDED ANSWER OF DEFENDANT MICHAEL SCARPELLO*                    **PAGE 16**

84.     Plaintiffs' claims are barred in whole or in part by sovereign immunity, including 11th amendment immunity to the extent that Defendant Scarpello is enforcing/applying state law, SB1111.

## FIFTH DEFENSE

85.     Plaintiffs' claims against Defendant Scarpello are barred to the extent that he has no power to redress Plaintiffs' injuries.

## SIXTH DEFENSE

28.     To the extent that Plaintiffs have not sustained any injury or damage as a result of any actions taken by Defendant Scarpello, they should be barred from recovering against him.

29.     Defendants reserve the right to raise additional defenses and affirmative defenses to the claims alleged against them as the development of the factual circumstances in this case may warrant.

## JURY DEMAND

30.     Defendant Scarpello hereby demands a trial by jury on all triable issues. Fed. R. Civ. P. 38(b); Fed. R. Civ. P. 81(c)(3)(b).

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Scarpello prays that the Court will dismiss this suit with prejudice as to Defendant Scarpello, that Plaintiff take nothing by this action against him, that he recover his costs including a reasonable attorney's fee herein, and any other relief to which he may be justly entitled under the law.

Respectfully submitted,

**JOHN CREUZOT**
**DISTRICT ATTORNEY**

/s/ Barbara S. Nicholas
BARBARA S. NICHOLAS
ASSISTANT DISTRICT ATTORNEY
TEXAS BAR NO. 24032785
Barbara.nicholas@dallascounty.org


CIVIL DIVISION
Dallas County Records Building
500 Elm Street, Suite 6300
Dallas, TX 75202
(214) 653-7358
(214) 653-6134 (FAX)

**ATTORNEYS FOR DEFENDANT MICHAEL
SCARPELLO IN HIS OFFICIAL CAPACITY
AS DALLAS COUNTY ELECTIONS
ADMINISTRATOR**


## CERTIFICATE OF SERVICE

I, hereby certify that the foregoing document was filed electronically on April 11, 2022, with the Clerk of the Court for the Western District of Texas by using the CM/ECF system, causing electronic service upon all counsel of record.


/s/ *Barbara S. Nicholas*
BARBARA S. NICHOLAS
Assistant District Attorney