## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| TEXAS STATE LULAC; | § | |
| VOTO LATINO | § | |
| *Plaintiffs,* | § | |
| v. | § | |
| | § | |
| BRUCE ELFANT, in his official capacity | § | |
| as the Travis County Tax | § | |
| Assessor-Collector; JACQUELYN CALLAEN, | § | |
| in her official capacity as the Bexar County | § | |
| Elections Administrator; ISABEL LONGORIA, in | § | |
| her official capacity as the Harris County Elections | § | Case No: 1:21-CV-546-LY |
| Administrator; YVONNE RAMÓN, in her official | § | |
| capacity as the Hidalgo County Elections | § | |
| Administrator; MICHAEL SCARPELLO, in his | § | |
| official capacity as the Dallas County Elections | § | |
| Administrator; LISA WISE, in her official capacity | § | |
| as the El Paso County Elections Administrator; | § | |
| *Defendants.* | § | |
| and | § | |
| | § | |
| KEN PAXTON, in his official capacity as Attorney | § | |
| General of Texas; LUPE TORRES, in her official | § | |
| capacity as Medina County Elections Administrator; | § | |
| TERRIE PENDLEY, in her official capacity as the | § | |
| Real County Tax Assessor-Collector. | § | |
| *Intervenor-Defendants* | § | |

**DEFENDANT YVONNE RAMÓN'S RESPONSE TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM OF LAW IN SUPPORT**

**RESPONSE TO MOTION FOR SUMMARY JUDGMENT**

Defendant YVONNE RAMÓN, in her official capacity as the Elections Administrator of Hidalgo County, Texas, respectfully files this response to Plaintiffs' Motion for Summary Judgment and asks the Court to enter an order denying Plaintiffs' Motion filed on May 9, 2022 at ECF No. 140. In support of this Response, Defendant states as follows:

**SUMMARY OF ARGUMENT**

Plaintiffs seek injunctive relief against Defendant Yvonne Ramón in her official capacity as the Elections Administrator of Hidalgo County. However, in order to establish their entitlement to such relief, Plaintiffs must provide evidence of an official policy promulgated by Defendant Ramón. *Los Angeles County v. Humphries*, 562 U.S. 29, 36-37 (2010). Plaintiffs do not provide any evidence of such a policy in their Motion for Summary Judgment, pointing instead only to policies promulgated by the State of Texas. Because Plaintiffs have failed to establish the absence of a genuine issue of material fact with respect to an essential element of their claims against Defendant Ramón, summary judgment is not appropriate and the motion should be denied.

**STATEMENT OF FACTS**

Plaintiffs Texas State LULAC and Voto Latino brought suit against Defendant Yvonne Ramón in her official capacity as the Hidalgo County Elections Administrator and against other County Elections Administrators pursuant to 42 U.S.C. §§1983 and 1988. (ECF No. 1) Plaintiffs challenge the constitutionality of S.B. 1111, which amended Chapters 1 and 15 of the Texas Elections Code. Plaintiffs allege that the provisions of S.B. 1111 violate the First, Fourteenth, and Twenty-Sixth Amendments to the United States Constitution. Specifically, Plaintiffs allege that "S.B. 1111 infringes on the rights to free speech and expression in violation of the First

1

Amendment (Count I), unduly burdens the right to vote in violation of the First and Fourteenth Amendments (Count II), and denies or abridges the right to vote on account of age in violation of the Twenty-Sixth Amendment (Count III)." (ECF No. 140, pgs. 13-14). Texas Attorney General Ken Paxton, Medina County Elections Administrator Lupe Torres, and Real County Tax Assessor-Collector Terrie Pendley intervened in support of S.B. 1111. (ECF No. 76) Plaintiffs have now filed for summary judgment seeking an order enjoining Defendants and Intervenors from enforcing the challenged provisions of S.B. 1111. (ECF No. 140, pg. 1)

## ARGUMENT

I.      Legal Standard

Summary judgment is appropriate where no genuine issue of material fact exists. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). It should only be granted if the movant shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp.*, 477 U.S. at 322. The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact. *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F. 3d 253, 261 (5th Cir. 2007). Disputes are genuine if "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

**II.     Plaintiffs Have Failed to Establish the Existence of an Official Policy Promulgated by Yvonne Ramón, an Essential Element of Their Claim**

A. *Monell* and *Los Angeles County* require Plaintiffs to prove an official policy promulgated by Defendant Ramón that is the "moving force" of the alleged constitutional violations.

Plaintiffs have brought this suit against Defendant Yvonne Ramón in her official capacity as Hidalgo County Elections Administrator. Official-capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 693, n. 55 (1978)). As long as the government entity receives notice and an opportunity to respond, and official-capacity suit is to be treated, in all respects other than name, as a suit against the entity, for the entity is the real party in interest. *Id*.

In suits against a local governmental entity under 42 U.S.C. §1983, it is only when "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible." *Monell*, 473 U.S. at 694. The same requirements apply whether the suit seeks monetary or prospective relief. The Supreme Court stated, "The language of §1983 read in light of *Monell*'s understanding of the legislative history explains why claims for prospective relief, like claims for money damages, fall within the scope of the 'policy or custom' requirement." *Los Angeles County v. Humphries*, 562 U.S. 29, 36-37 (2010). In claims for prospective relief, no less than claims for money damages, "Congress intended potential §1983 liability where a municipality's *own* violations were at issue but not where the violations of *other* were at issue." *Id*. (emphasis in the original). Therefore, before a local governmental unit can be held responsible for alleged constitutional violations, a plaintiff must establish "a policymaker, an official policy, and a violation of constitutional rights whose 'moving force' is the policy or custom." *Ratliff v. Aransas County*, 948 F.3d 281, 285 (5th Cir. 2020). In their motion for summary judgment, Plaintiffs do not present evidence of any policy or custom promulgated by Defendant Yvonne Ramón which is the moving force of the alleged violations of constitutional rights. Because this is

an essential element of their claims against Defendant Ramón, summary judgment against her is not proper and should be denied.

B. Plaintiffs' Motion for Summary Judgment address only state policy, not policy made by Defendant Yvonne Ramón

Plaintiffs' suit challenges S.B. 1111, passed during the regular session of the 87th Texas Legislature. But S.B. 1111 is state policy, not County policy or the policy of Defendant Yvonne Ramón, and Defendant Ramón has done no more than follow state law in implementing it. Defendant Ramón has no authority to investigate or prosecute violations of S.B. 1111. Instead, that authority is placed with the Texas Secretary of State, the Texas Attorney General, and local district and county attorneys. *See e.g.* Tex. Elec. Code §§273.001, 273.021, 273.022; *but see State v. Stephens*, --- S.W.3d ---, 2021 WL 5917198 (Tex. Crim. App. 2021) (holding that the Texas Attorney General has no independent authority to prosecute violations of the Election Code). Defendant Ramón is also required to use the forms promulgated by the Secretary of State. Tex. Elec. Code §31.002(d). And in the instances in which she may modify a form promulgated by the Secretary of State, she is required to seek the Secretary's approval of the modified form. Tex. Elec. Code. §15.052(c). Finally, the Secretary of State is responsible for maintaining the state voter registration database and assigning a voter a Voter Unique Identifier. Tex. Elec. Code §13.141. Each of these challenged policies is created, administered, and/or overseen on the state level, and as such cannot be attributed to Defendant Ramón. Because Plaintiffs have not presented evidence of a policy attributable to Defendant Ramón which is the "moving force" of their complained-of injuries, a genuine issue of material fact exists as to an essential element of Plaintiffs' claims and summary judgment should be denied.

**CONCLUSION**

Therefore, Defendant Yvonne Ramón, in her official capacity as Hidalgo County Elections Administrator, prays that this Court deny Plaintiffs' Motion for Summary Judgment and grant any and all relief to which she may be entitled.

Respectfully submitted,

RICARDO RODRIGUEZ, JR.
CRIMINAL DISTRICT ATTORNEY
HIDALGO COUNTY, TEXAS

*/s/ Josephine Ramirez-Solis*
Josephine Ramirez-Solis
Assistant District Attorney
Texas Bar No.  24007894
josephine.ramirez@da.co.hidalgo.tx.us
Leigh Ann Tognetti
Assistant District Attorney
Texas Bar No. 24083975
leigh.tognetti@da.co.hidalgo.tx.us
100 E. Cano, First Floor
Hidalgo County Courthouse Annex III
Edinburg, Texas 78539
Tel: (956) 292-7609
Fax: (956) 318-2301
ATTORNEY FOR DEFENDANT
YVONNE RAMÓN

**CERTIFICATE OF SERVICE**

I hereby certify that on May 23, 2022, this document was filed with the Clerk of Court using the CM/ECF system, which provided electronic service on all parties.

*/s/ Josephine Ramirez-Solis*
Josephine Ramirez-Solis