IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| TEXAS STATE LULAC; VOTO LATINO, <br><br> *Plaintiffs,* <br><br> v. <br><br> BRUCE ELFANT, in his official capacity as the Travis County Tax Assessor-Collector; JACQUELYN CALLANEN, in her official capacity as the Bexar County Elections Administrator; ISABEL LONGORIA, in her official capacity as the Harris County Elections Administrator; YVONNE RAMÓN, in her official capacity as the Hidalgo County Elections Administrator; MICHAEL SCARPELLO, in his official capacity as the Dallas County Elections Administrator; LISA WISE, in her official capacity as the El Paso County Elections Administrator, <br><br> *Defendants,* <br><br> and <br><br> KEN PAXTON, in his official capacity as Attorney General of Texas; LUPE TORRES, in their official capacity as Medina County Elections Administrator; TERRIE PENDLEY, in her official capacity as the Real County Tax Assessor-Collector, <br><br> *Intervenor-Defendants.* | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § | Civil Action No: 1:21-cv-00546-LY |

**DEFENDANT LISA WISE'S RESPONSE TO PLAINTIFFS' AND INTERVENOR-DEFENDANT KEN PAXTON'S MOTIONS FOR SUMMARY JUDGMENT**

## INTRODUCTION

Defendant Lisa Wise submits this brief in response to Plaintiffs Texas State LULAC and Voto Latino's Motion for Summary Judgment ("Plaintiffs' Motion") (ECF No. 140) and Intervenor-Defendant Ken Paxton's Motion for Summary Judgment ("State's Motion") (ECF No. 138).[1]  In their Motions, Plaintiffs and the State adopt differing interpretations of Section 1 of S.B. 1111 (the "Residence Restriction"), underscoring ambiguities inherent in that provision. Plaintiffs are rightfully concerned that this provision, by disallowing voters from establishing a residence "for the purpose of influencing the outcome of a certain election," S.B. 1111 § 1 (Pls.' App. 001 (ECF No. 141)), may sweep in a wide range of expressive activity and speech that is protected by the First Amendment.  On the other hand, the State argues the provision changes little, claiming that as long as the voter registers to vote where they live, the provision is agnostic as to the voter's intentions for doing so.

This lack of clarity about the meaning and sweep of the Residence Restriction hinders Ms. Wise's ability to advise voters in her county and in turn hinders those same voters from exercising their constitutional rights to vote and to freedom of speech.  Defendant Wise therefore respectfully requests that the Court issue a judgment that sets forth the scope of the Residence Restriction, and that addresses any constitutional infirmities with its scope.  Defendant Wise has similar concerns regarding the other two challenged provisions, as noted below.

---

[1] Intervenor-Defendants Lupe C. Torres, in his official capacity as Medina County Elections Administrator, and Terrie Pendley, in her official capacity as Real County Tax Assessor-Collector, filed a joinder to Intervenor-Defendant Ken Paxton's Motion for Summary Judgment. *See* Notice of Joinder (ECF No. 139).

**ARGUMENT**

The Residence Restriction bars individuals from "establish[ing] residence for the purpose of influencing the outcome of a certain election," but it fails to define what it means to "establish residence" or to "influenc[e] the outcome of an election." *See* S.B. 1111 § 1 (Pls.' App. 001 (ECF No. 141)). As testimony given at depositions and the Parties' Summary Judgment Motions make clear, this failure to define basic terms renders the Residence Restriction unclear and thus difficult if not impossible to administer.

As a threshold matter, the Residence Restriction is sufficiently ambiguous as to leave Elections Administrators like Ms. Wise unable to answer basic questions from voters about how that provision applies to certain practices.[2] For instance, Ms. Wise testified at her deposition that she did not feel prepared to respond to voters' questions because S.B. 1111's "definitions . . . are vague," lack specificity, and "mean different things to different people." *See* Wise Tr. 122:6-21 (Pls.' App. 201 (ECF No. 141)). Ms. Wise was not alone in testifying about the confusion caused by the Residence Restriction. Elections Administrators from the other populous counties named as Defendants in this suit also repeatedly testified that the Residence Restriction is so unclear that they would have difficulty advising voters on how to comply with it. *See* Pls.' Mot. at 15–17 (collecting testimony from county Defendants that the meaning of the Residence Restriction is unclear).

---

[2] As Elections Administrator for El Paso County, Ms. Wise is charged with overseeing voter registration, in addition to numerous other election-related duties, a role expanded by S.B. 1111. *See* Tex. Elec. Code §§ 31.043 (designating to county elections administrator the duties and functions of voter registrar), 15.051 (requiring the registrar to send confirmation notice to any voter the registrar "has reason to believe" has a "current residence [that] is different from that indicated on the registration records") (as amended by S.B. 1111 § 2), 15.053(a) (requiring such a voter to respond to the registrar with a signed response confirming voter's current residence) (as amended by S.B. 1111 § 4).

The Parties in this suit have adopted conflicting interpretations of what the Residence Restriction means and how it applies. As Plaintiffs point out in their Motion for Summary Judgment, Ms. Wise testified that she understands the phrase to mean "to inhabit a location" based on § 1.015(a) of the Texas Election Code, which defines the term "Residence" for purposes of the Code. *See* Pls.' Mot. at 18 (quoting Wise Tr. 92:22-93:3 (Pls.' App. 190–91 (ECF No. 141))).[3] Under this interpretation, S.B. 1111's prohibition could apply to any voter who inhabits a new location and registers to vote there. Notably, however, the Secretary of State's Office has taken the position that a person cannot violate the Residence Restriction, *whatever their motives*, so long as they actually live at their claimed address. *See* Ingram Tr. 98:2-11 (Pls.' App. 239 (ECF No. 141)) (testifying that as used in SB 1111 § 1, the "words 'establish residence' don't mean actually living there," and so a person would not violate the Residence Restriction so long as "they actually lived there").

But the State's interpretation seems at odds with the Residence Restriction's prohibition on establishing a residence "for the purpose of influencing the outcome of a certain election." Based on the plain meaning of this phrase, it appears that voters who actually live at their established residence could nevertheless be deemed to violate this provision of S.B. 1111 if one reason for their relocation was to participate in a political campaign or other electioneering activities in their new community. *See* Pls.' Mot. at 10, 21–22. Plaintiffs are justifiably concerned that this language encompasses numerous forms of expressive activity protected by the First Amendment. *See* Pls.' Mot. at 10 (collecting testimony from state and county defendants that this

---

[3] Section 1.015(a) defines "residence" to mean "domicile, that is, one's home and fixed place of habitation to which one intends to return after any temporary absence." Tex. Elec. Code Ann. § 1.015(a). Defendant Dallas County Elections Administrator Michael Scarpello testified at deposition that he also believes the Residence Restriction's "establish residence" phrase incorporates Section 1.015(a)'s definition of "residence." *See* Scarpello Tr. 61:16–19 (Plaintiffs' App. 172 (ECF No. 141)).

4

language could apply to voting, registering to vote, running for office, and donating to and volunteering for political campaigns). But the State nonetheless contends that the voter's motivation for moving does not matter so long as they register where they live. *See* State's Mot. at 11–12 (arguing First Amendment does not apply, including because the Residence Restriction "does not regulate canvasser's speech or expressive conduct"); *see also id.* at 11 ("[A] voter may register at any address where the voter lives for any reason they want, but they may not register to vote in a place where they do not live for the purpose of influencing the outcome of a certain election.").

The Residence Restriction's lack of clarity has real impact on voters' ability to register and vote, as well as on Ms. Wise's (and other election officials') role overseeing voter registration.[4] The Residence Restriction may reach the protected political activity of many voters who have recently relocated to new residences. And the confusion about the meaning of the Residence Restriction has potentially significant repercussions for political participation and civic engagement: "[W]hen people don't know for sure . . . how to interpret the law and there is no real clear direction, they may just choose not to participate." *See* Wise Tr. 109:19–110:21 (Pls.' App. 196–97 (ECF No. 141)). Clarification from the Court is therefore necessary to set forth the meaning of the Residence Restriction and rectify any constitutional infirmities resulting from the provision.[5]

---

[4] In her capacity as Elections Administrator, Ms. Wise performs the duties and functions of the Voter Registrar, which includes accepting and processing applications to register to vote, as well as new registration-related duties as enacted by S.B. 1111. *See infra* note 2.

[5] Ms. Wise shares Plaintiffs' concerns that the Residence Restriction runs afoul of the First Amendment. Indeed, for reasons similar to those identified in Plaintiffs' Motion, Ms. Wise is deeply concerned that the Residence Restriction, as well as the two other provisions challenged by Plaintiffs (the "PO Box Provision" in S.B. 1111 §§ 2-5 and the Temporary Relocation Provision in S.B. 1111 § 1), serve no legitimate purpose, will operate to suppress the vote, and violate fundamental constitutional guarantees.

## CONCLUSION

Based on the foregoing, Defendant Wise respectfully requests that this Court issue a judgment that sets forth the meaning of S.B. 1111's Residence Restriction and addresses constitutional infirmities it creates.

Dated: May 23, 2022                                       Respectfully submitted,

/s/ Orion Armon
Orion Armon (CO SBN 34923)

COOLEY LLP
Orion Armon (CO SBN 34923)
oarmon@cooley.com
1144 15th Street, Suite 2300
Denver, CO 80202-2686
Telephone: +1 720 566-4000
Facsimile: +1 720 566-4099

COOLEY LLP
Kathleen Hartnett* (CA SBN 314267)
khartnett@cooley.com
Beatriz Mejia* (CA SBN 190948)
bmejia@cooley.com
Sharon Song* (CA SBN 313535)
ssong@cooley.com
David Louk* (CA SBN 304654)
dlouk@cooley.com
Kelsey Spector* (CA SBN 321488)
kspector@cooley.com
Germaine Habell* (CA SBN 333090)
ghabell@cooley.com
Caroline A. Lebel* (CA SBN 340067)
clebel@cooley.com
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Telephone: +1 415 693-2000
Facsimile: +1 415 693-2222

STATES UNITED DEMOCRACY CENTER
Christine P. Sun* (CA SBN 218701)
3749 Buchanan St., No. 475165

San Francisco, CA 94147-3103
Telephone: +1 615 574-9108
christine@statesuniteddemocracy.org

STATES UNITED DEMOCRACY CENTER
Ranjana Natarajan (TX SBN 24071013)
1801 E 51st St., Suite 365, No. 334
Austin, TX 78723
Telephone: +1 323 422-8578
ranjana@statesuniteddemocracy.org

STATES UNITED DEMOCRACY CENTER
Robert Cotter* (IL SBN 6334375)
7510 N. Greenview Ave., Apt. #3
Chicago, IL 60626
Telephone: (224) 235-2606
robert@statesuniteddemocracy.org

STATES UNITED DEMOCRACY CENTER
Marina Eisner* (DC SBN 1005593)
1101 17 Street NW
Washington, DC 20036
Telephone: (240) 600-1316
marina@statesuniteddemocracy.org

SUSMAN GODFREY
Neal S. Manne State Bar No. 12937980
Robert Rivera, Jr. State Bar No. 16958030
1000 Louisiana, Suite 5100
Houston, TX 77002-5096
Telephone: (713) 651-9366
Facsimile: (713) 654-6666
nmanne@susmangodfrey.com
rrivera@susmangodfrey.com

EL PASO COUNTY ATTORNEYS
Jo Anne Bernal (TX SBN 02208720)
El Paso County Attorney
Joanne.Bernal@epcounty.com
John E. Untereker (TX SBN 24080627)
Assistant County Attorney
juntereker@epcounty.com
500 East San Antonio, Room 503
El Paso, Texas 79901
Telephone: +1 915 546-2050
Facsimile: +1 915 546-2133

*Admitted pro hac vice

*Attorneys for Lisa Wise, in her official capacity as the El Paso County Elections Administrator*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 23, 2022, **Defendant Lisa Wise's Response to Plaintiffs' and Intervenor-Defendant Ken Paxton's Motions for Summary Judgment** was served through the Court's CM/ECF Document Filing System upon each attorney of record.

*/s/ Orion Armon*
Orion Armon (CO SBN 34923)