**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| TEXAS STATE LULAC;<br>VOTO LATINO,<br><br>       *Plaintiffs,*<br><br>    v.<br><br>BRUCE ELFANT, in his official capacity as<br>the Travis County Tax Assessor-Collector;<br>JACQUELYN CALLANEN, in her official<br>capacity as the Bexar County Elections<br>Administrator; ISABEL LONGORIA, in her<br>official capacity as the Harris County<br>Elections Administrator; YVONNE RAMÓN,<br>in her official capacity as the Hidalgo County<br>Elections Administrator; MICHAEL<br>SCARPELLO, in his official capacity as the<br>Dallas County Elections Administrator; LISA<br>WISE, in her official capacity as the El Paso<br>County Elections Administrator,<br><br>       *Defendants,*<br><br>and<br><br>KEN PAXTON, in his official capacity as<br>Attorney General of Texas; LUPE TORRES,<br>in their official capacity as Medina County<br>Elections Administrator; TERRIE PENDLEY,<br>in her official capacity as the Real County<br>Tax-Assessor Collector,<br><br>       *Intervenor-Defendants.* | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § | Civil Action No: 1:21-cv-00546-LY |

<u>**DEFENDANTS LISA WISE, MICHAEL SCARPELLO, AND CLIFFORD TATUM'S**</u>
<u>**MOTION FOR RECONSIDERATION AND/OR CLARIFICATION OF THE COURT'S**</u>
<u>**AUGUST 2, 2022 ORDER AND JUDGMENT**</u>

## INTRODUCTION

On August 2, 2022, this Court granted in part and denied in part Plaintiffs' and the State Intervenor-Defendant's motions for summary judgment. *See* ECF No. 171 ("Order") at 31–32.  It also ordered that the six county Defendants—individual officials from six counties, including Lisa Wise, Michael Scarpello, and Clifford Tatum in their official capacities as Election Administrators of El Paso, Dallas, and Harris Counties, respectively (collectively, "County Defendants")[1]—are permanently enjoined from enforcing certain provisions of the Texas Election Code.  *Id.*  With respect to the County Defendants, the Court determined that those Defendants are subject to an injunction under 42 U.S.C. § 1983 pursuant to *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978), and cases applying *Monell*.  *See id.* at 15–20.

County Defendants Wise, Scarpello, and Tatum respectfully move, pursuant to Federal Rule of Civil Procedure 59(e), for reconsideration and/or clarification of the portion of the Order (specifically, pages 15–20) determining that the *Monell* standard for municipal liability applies to this case.[2]  As explained herein, the Order should be revised to remove discussion of *Monell* and to instead reflect the Court's determination that the County Defendants are enjoined under *Ex parte Young*, 209 U.S. 123, 160 (1908).  Importantly, this requested relief does not change the substance of the ultimate relief awarded to Plaintiffs.

Plaintiffs' complaint is a facial challenge against three provisions of SB 1111.  Plaintiffs do not allege any county-specific applications of those provisions violate the federal Constitution.

---

[1] Although Isabel Longoria was originally named in her official capacity as the Elections Administrator of Harris County, she has since been succeeded in her position by Clifford Tatum.

[2] In the alternative, the Court may consider this motion under Fed. R. Civ. P. 60(b).  *See APL Logistics Ams., Ltd. v. TTE Tech., Inc.*, 2013 WL 12124588, at *1 (N.D. Tex. Mar. 5, 2013) ("Motions asking a court to reconsider a judgment or order are generally analyzed under the standards for a motion to alter or amend judgment under Rule 59(e) or a motion for relief from a judgment or order under Rule 60(b)." (citation omitted)).

As such, the *Monell* doctrine—presented to the Court only by the summary judgment response brief of County Defendant Ramon, *see* ECF No. 151; Order at 2 n.2, and not addressed by the other parties—is inapplicable.  There is thus no need to reach the question of "whether *county* policy was the moving force behind Plaintiffs' harm," which the Court stated was "a question of first impression in the Fifth Circuit." Order at 16.  Instead, the Court should clarify that the injunctive relief issued by the Court is pursuant to *Ex parte Young*.[3]

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 59(e),[4] a court may "alter or amend a judgment to . . . correct a manifest error of law or fact." *Trevino v. City of Fort Worth*, 944 F.3d 567, 570 (5th Cir. 2019). The Fifth Circuit has described the standard as one that permits the court "to correct a clear error of law or prevent manifest injustice."  *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002).  Manifest injustice occurs where "there is a fundamental flaw in the court's decision that without correction would lead to a result that is both inequitable and not in line with applicable policy."  *Rivas v. Greyhound Lines, Inc.*, 2016 WL 11164796, at *8 (W.D. Tex. Jan. 11, 2016) (citation and internal quotation marks omitted).  A court has "broad discretion" to grant a motion to reconsider a case, or alter a judgment, under Rule 59(e).  *Texas A&M Rsch. Found. v. Magna Transp., Inc.*, 338 F.3d 394, 400 (5th Cir. 2003) (citation omitted); *see also*

---

[3] The other parties to this suit were contacted about this motion, and each declined take a position prior to filing, other than Defendant Bruce Elfant, who concurs in the analysis concerning *Monell* and does not oppose this motion.

[4] In the alternative, the Court may consider this a motion for clarification.  District courts enjoy "inherent procedural authority to [clarify prior orders] for causes seen by [them] to be sufficient." *APL Logistics Ams.*, 2013 WL 12124588, at *2 (citations omitted); *PSSI Holdings, LLC v. Calhoun*, 2021 WL 8315396, at *1 (E.D. Tex. Sept. 13, 2021) (citations omitted).  Therefore, a court may clarify an order "as justice requires."  *See id.*  (citation omitted).  In particular, "[c]ourt orders can never be too clear when parsing liability."  *APL Logistics Ams.*, 2013 WL 12124588, at *1.

*Cheski v. Safeco Ins. Co. of Ind.*, 2017 WL 2191131, at *1 (W.D. Tex. Feb. 3, 2017) (granting motion for reconsideration of order granting summary judgment).

## BACKGROUND

From the outset and throughout this suit, resolution of this case has turned on whether certain provisions of Texas Senate Bill 1111 ("S.B. 1111") are facially constitutional—not on any municipality's alleged "policy or custom." *See* ECF No. 1 ("Complaint"), Counts I, II, III. When Plaintiffs filed their Complaint facially challenging the constitutionality of three provisions of S.B. 1111, they named as defendants six county officials: the Elections Administrators of five counties, and the Travis County Tax Assessor-Collector. *See id.* at 1. They sought injunctive relief against those officials' implementation of the challenged provisions of state law. *See id.* at 18. They did not name any *counties* themselves as defendants, allege or challenge any county policies relating to enforcement of S.B. 1111, or seek to hold any county liable under *Monell*.

Texas Attorney General Ken Paxton moved to intervene, arguing that he was entitled by right to intervene because neither the State of Texas nor any of its agencies were named as defendants, but Texas had an interest in defending the constitutionality of its *state* law. *See* ECF No. 53 at 3, 4. The Court granted the Attorney General's motion. ECF No. 76. The Court also granted the motion to intervene of Medina County Elections Administrator Lupe Torres and Real County Tax Assessor-Collector Terrie Pendley, reasoning that a finding that S.B. 1111 "is unconstitutional as a whole" would be "binding on *all election administrators* in Texas, including Torres and Pendley." *Id.* at 3 (emphasis added).

After discovery, both Plaintiffs and the State Intervenor-Defendants filed cross-motions for summary judgment. *See* ECF Nos. 138, 140. Neither motion argued that any *county* was liable for the enforcement of S.B. 1111 under *Monell* or any theory of municipal entity liability. Rather,

those motions were premised on the notion that the officials named as County Defendants could be enjoined against enforcing S.B. 1111 if the challenged provisions of state law were facially invalid.  In response to Plaintiffs' motion, however, Defendant Yvonne Ramon—citing *Monell* and *Los Angeles County v. Humphries*, 562 U.S. 29, 36-37 (2010)—contended that "in order to establish their entitlement to [injunctive] relief [against Ramon], Plaintiffs must provide evidence of an official policy promulgated by Defendant Ramon."  ECF No. 151 at 1.  No party responded to Defendant Ramon's contention that *Monell* applied.  *See* ECF Nos. 154-1, 156, 165.

On August 2, 2022, this Court granted in part and denied in part Plaintiffs' and State Defendant-Intervenor's motions for summary judgment.  *See* Order at 31–32.  In that Order, the Court determined that the *counties* who employ County Defendants are liable under *Monell*, reasoning that County Defendants act as "policymakers" in the interpretation and implementation of the challenged provisions of S.B. 1111.  *Id.* at 16–18.  The Court also concluded that the counties "engage[] in policymaking by taking extra steps to enforce state law," such as through the creation of the county-level positions like Elections Administrator, *id.* at 18–19, as well as through their authority to adopt their own versions of the Secretary of State's registration forms.  *Id.* at 19.  This reasoning formed the basis of the Court's judgment and injunction against the County Defendants.

## ARGUMENT

County Defendants respectfully request that the Court revise its summary judgment Order to reflect that County Defendants may be enjoined under *Ex parte Young* and to strike as unnecessary any analysis of municipal liability under *Monell*.  Not only does *Monell* not apply to this case—which is a facial challenge to provisions of state law, not a challenge to any municipal policy—but application of *Monell* is unnecessary to provide complete relief to Plaintiffs.  The Fifth Circuit has long recognized that "when a state statute directs the actions of an official, as here, the

5

officer, be he state *or local*, is acting as a state official." *Echols v. Parker*, 909 F.2d 795, 801 (5th Cir. 1990) (emphasis added).  And the Circuit has already noted that the Texas Election Code establishes "a division of responsibilities" where county officials are "statutorily tasked" with the duty and authority to enforce many of its provisions, meaning they are proper defendants to a Section 1983 suit challenging their enforcement.  *See Texas Democratic Party v. Abbott*, 978 F.3d 168, 179, 180 (5th Cir. 2020), *cert. denied*, 141 S. Ct. 1124 (2021).  Accordingly, the portion of the Order (pages 15–20) determining that municipal liability against the counties exists under *Monell* should be stricken and replaced with the Court's conclusion that County Defendants may be and are enjoined from enforcing the unlawful portions of S.B. 1111 under *Ex parte Young*.

### A.    The Order Should Be Reconsidered Or Clarified Because *Monell* Is Not The Proper Basis For Enjoining the County Defendants.

Defendants respectfully submit that the Order conflated two related but distinct doctrines for enjoining counties or their representatives for alleged violations of federal constitutional law: the standard to enjoin state *or local* officials from enforcing an allegedly unconstitutional *state law* under Section 1983 (*Ex parte Young*), and the standard to hold a *municipality* liable for a "municipal policy or custom" causing a constitutional injury (*Monell*).  *See McMillian v. Monroe Cnty, Ala.*, 520 U.S. 781, 785–86 (1997) (considering whether a local official "represents the State or the county when he acts in a law enforcement capacity" to determine applicable standard); *Daves v. Dallas Cnty., Tex.*, 22 F.4th 522, 532–33 (5th Cir. 2022) (recognizing whether local officials are acting "for a local governmental unit or the state" determines whether the standard Section 1983 inquiry or the heightened *Monell* municipal liability inquiry applies).  Here, *Ex parte Young*, not *Monell*, is the proper framework under which to enjoin the County Defendants because Plaintiffs' claims against the County Defendants pertain to the facial constitutionality of certain provisions of state law they enforce—not any municipal policy.  *See Daves*, 22 F.4th at 542 (asking

"whether, to the extent of their acting for the State, the [local officials] could be enjoined or become the subjects of declaratory relief under *Ex parte Young*"). The Court should revise its Order accordingly.

### 1. Plaintiffs Named County Officials As Enforcers Of *State* Law Under *Ex parte Young*, As Required By Fifth Circuit Precedent.

While the Eleventh Amendment by its terms prohibits the federal courts from granting relief against the *States* themselves, *see* U.S. Const. amend. XI, Section 1983 authorizes relief when a party's federally protected rights have been violated by a state or local official or other person who acted under color of state law. 42 U.S.C. § 1983. As set out in *Ex parte Young*, the Eleventh Amendment does not deprive federal courts of the power to require *state officials* to comply with the federal Constitution, and the federal courts may order injunctive relief against state officials to remedy ongoing violations of the Constitution. 209 U.S. at 160. *Ex parte Young* applies where—as here—a suit for injunctive relief is brought against a county official who is merely enforcing state law. *Daves*, 22 F.4th at 532–33; *see also Bethesda Lutheran Homes & Servs., Inc. v. Leean*, 154 F.3d 716, 718 (7th Cir. 1998) ("When the municipality is acting under compulsion of state or federal law, it is the policy contained in that state or federal law, rather than anything devised or adopted by the municipality, that is responsible for the injury."). Because municipalities cannot claim sovereign immunity under the Eleventh Amendment, the Court later recognized in *Monell* that "municipalities and other local government units" may be sued pursuant to § 1983 when plaintiffs challenge a *municipal policy or custom*, rather than state law. 436 U.S. at 690.

Here, Plaintiffs named as defendants five Elections Administrator Defendants and the Travis County Tax Assessor-Collector. ECF No.1 at 1. They did not name any county itself as a defendant. And Plaintiffs challenged only provisions of S.B. 1111, a state law—not any municipal

policy, custom, or elections provision, let alone any county's particular means of enforcing S.B. 1111. *See* Compl., Counts I, II, III (facial challenges to S.B. 1111 provisions).

The Fifth Circuit has stated, with respect to *Ex parte Young*, that "[s]uits for injunctive or declaratory relief are allowed against a state official acting in violation of federal law [only] if there is a *sufficient connection to enforcing* an allegedly unconstitutional law." *Tex. Democratic Party*, 978 F.3d at 179 (citation and internal quotation marks omitted). And it has recognized that for *Ex parte Young* purposes, enforcement of certain provisions of the Texas Election Code concerning voter registration—like the challenged provisions of S.B. 1111—falls not to the Secretary of State, but to county officials. *See Tex. Democratic Party v. Hughs*, 860 F. App'x 874, 877–78 (5th Cir. 2021). Thus, County Defendants were named in this suit in their official capacities as county officials who enforce *state* law.

> ## 2. Plaintiffs Were Not Required To Allege *Monell* Liability To Obtain Complete Relief Against The County Defendants.

From the outset of this suit, Plaintiffs' contention that an injunction should issue against County Defendants was based on the notion that County Defendants were implementing provisions of S.B. 1111 that are facially unconstitutional, and thus that the County Defendants may be enjoined under *Ex parte Young*. The *Monell* doctrine did not arise in this litigation at all, either at the complaint stage, or in the parties' motions for summary judgment. Defendant Ramon filed a response to Plaintiffs' summary judgment motion in which she contended that to "establish their entitlement to" "injunctive relief against Defendant Yvonne Ramon in her official capacity as the Elections Administrator of Hidalgo County," "Plaintiffs must provide evidence of an official policy promulgated by Defendant Ramon." ECF No. 151 at 1. This contention was mistaken, however. Under *Ex parte Young*, Plaintiffs need not identify "an official policy promulgated by" any of the County Defendants to obtain an injunction against them for enforcing S.B. 1111.

Nor do the main cases on which Defendant Ramon's Response relied hold otherwise.  In *Humphries*, the U.S. Supreme Court merely recognized that "claims for prospective relief, like claims for money damages, fall within the scope of the 'policy or custom' requirement" for liability *against a municipal entity*—in that case, Los Angeles *County*.  562 U.S. at 36–37.  In other words, if a plaintiff has successfully established a municipality's liability pursuant to *Monell*, she may obtain both retrospective (monetary) and prospective (injunctive) relief, as appropriate.  But the Supreme Court has never held that a plaintiff must satisfy *Monell* before she can obtain an injunction against a county official's enforcement of an unconstitutional *state law*.  Similarly, in *Kentucky v. Graham*, the Court simply made "clear that a suit against a government official *in his or her personal capacity* cannot lead to imposition of fee liability upon the governmental entity." 473 U.S. 159, 167 (1985) (emphasis added).  Neither decision holds that to enjoin a county official tasked by state statute with the enforcement of state law, a plaintiff must first establish the county official is actually enforcing an unlawful municipal policy or custom under *Monell*.

To the contrary, as the Fifth Circuit recently reiterated, "Section 1983 litigation requires [courts] to identify the level of government for which an official was acting when establishing the policy that is relevant to the claims," including whether the "official with final policymaking authority as to the specific function involved in the litigation is acting for a local governmental unit or the state." *Daves*, 22 F.4th at 533.  Here, *no* party to this litigation has disputed that the County Defendants are being sued for their enforcement of a law enacted by *the State*.  Nor has any party—including the County Defendants—disputed that the County Defendants may be enjoined under *Ex parte Young* to remedy the constitutional infirmities arising from state-wide enforcement of S.B. 1111. *Cf. Tex. Democratic Party*, 978 F.3d at 180 (recognizing that under the

Texas Election Code certain registration-related election code provisions are enforced by county registrars rather than the Secretary of State).

> **B.      The Order Should Be Reconsidered Or Clarified Because The County Defendants Have Not Engaged In Policymaking Regarding S.B. 1111.**

Although the Court did not need to reach the issue of *Monell* liability to enjoin the County Defendants under *Ex parte Young* (and should reconsider or clarify its Order accordingly), County Defendants respectfully submit that the Court incorrectly concluded that, under *Monell*, County Defendants "engage[ ] in policymaking by taking extra steps to enforce state law" at issue in the contested provisions of S.B. 1111.  Order at 18.  As discovery in this matter confirmed, County Defendants could not and did not act unilaterally in enforcing provisions of the Texas Election Code at issue. *See, e.g.*, Callanen Tr. 60:6-17 (explaining after SB1111 was passed, counties "cannot[ or] will not move forward on anything" given the Secretary of State's broad authority and the need to "wait" for "directions" and "new forms"); *id.* at 61:5-9 (describing need to wait until new forms were issued by the Secretary of State).

Moreover, even if the Counties were to decline to use the Secretary of State's official forms, any free-standing authority on the part of the Counties to create their own forms would be illusory at best.  Under the Texas Election Code, a county registrar is only permitted to "prescribe a different design from that prescribed by the secretary of state for an official [confirmation notice response] form[ ] *if approved by the secretary*."  Tex. Elec. Code § 15.052(c) (emphasis added).  Given this qualification, the Counties hold no policymaking capacity in the promulgation of forms, as any official form is ultimately prescribed at the direction of the Secretary of State.  *See* Ramon Tr. at 49:20-50:3 (explaining "the state would provide the final [form]," "is very strict," and would need to approve any changes to the prescribed form); *see also* Tex. Elec. Code §§ 13.121(a) ("The secretary of state shall design the [application form for registration by mail] to enhance the

10

legibility of its contents."); 31.002(a) ("The secretary of state shall prescribe the design and content, consistent with this code, of the forms necessary for the administration of this code.").

Accordingly, even if *Monell* applied in this case, which it does not for the reasons explained above, the County Defendants are not policymakers under *Monell* with respect to S.B. 1111.

### C.      The Order's *Monell* Reasoning Was Unnecessary To Provide Plaintiffs With The Relief They Seek Against The County Defendants.

Critically, the Order's reasoning and conclusion concerning the counties' liability under *Monell* were unnecessary to furnish Plaintiffs with complete relief under Section 1983.  Here, Plaintiffs sought only a declaration that enforcement of the contested provisions of S.B. 1111 violates the federal Constitution and a permanent injunction ordering Defendants and their agents from acting to enforce those provisions.  *See* Compl. at 18.  Plaintiffs have not sought damages for past violations.  *See id.*  And injunctive relief against the County Defendants is fully available under *Ex parte Young*.  Accordingly, the requested reconsideration or clarification does not change the ultimate relief awarded to Plaintiffs.

## CONCLUSION

The Court should grant the motion and reconsider or clarify its Order to strike the *Monell* analysis and conclusion and replace that portion of the Order with a conclusion that the County Defendants may be and are enjoined under *Ex parte Young*.

Dated: August 30, 2022

Respectfully submitted,

*/s/ Orion Armon*
Orion Armon (CO SBN 34923)

COOLEY LLP
Orion Armon (CO SBN 34923)
oarmon@cooley.com
1144 15th Street, Suite 2300
Denver, CO 80202-2686
Telephone: +1 720 566-4000
Facsimile: +1 720 566-4099

COOLEY LLP
Kathleen Hartnett* (CA SBN 314267)
khartnett@cooley.com
Beatriz Mejia* (CA SBN 190948)
bmejia@cooley.com
Sharon Song* (CA SBN 313535)
ssong@cooley.com
David S. Louk* (CA SBN 304654)
dlouk@cooley.com
Kelsey Spector* (CA SBN 321488)
kspector@cooley.com
Germaine Habell* (CA SBN 333090)
ghabell@cooley.com
Caroline A. Lebel* (CA SBN 340067)
clebel@cooley.com
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Telephone: +1 415 693-2000
Facsimile: +1 415 693-2222

STATES UNITED DEMOCRACY
CENTER
Christine P. Sun* (CA SBN 218701)
3749 Buchanan St., No. 475165
San Francisco, CA 94147-3103
Telephone: +1 615 574-9108
christine@statesuniteddemocracy.org

STATES UNITED DEMOCRACY
CENTER
Ranjana Natarajan (TX SBN 24071013)

1801 E 51st St., Suite 365, No. 334
Austin, TX 78723
Telephone: +1 323 422-8578
ranjana@statesuniteddemocracy.org

STATES UNITED DEMOCRACY CENTER
Robert Cotter* (IL SBN 6334375)
7510 N. Greenview Ave., Apt. #3
Chicago, IL 60626
Telephone: (224) 235-2606
robert@statesuniteddemocracy.org

STATES UNITED DEMOCRACY CENTER
Marina Eisner* (DC SBN 1005593)
1101 17 Street NW
Washington, DC 20036
Telephone: (240) 600-1316
marina@statesuniteddemocracy.org

SUSMAN GODFREY
Neal S. Manne State Bar No. 12937980
Robert Rivera, Jr. State Bar No. 16958030
1000 Louisiana, Suite 5100
Houston, TX 77002-5096
Telephone: (713) 651-9366
Facsimile: (713) 654-6666
nmanne@susmangodfrey.com
rrivera@susmangodfrey.com

EL PASO COUNTY ATTORNEYS
Jo Anne Bernal (TX SBN 02208720)
El Paso County Attorney
Joanne.Bernal@epcounty.com
John E. Untereker (TX SBN 24080627)
Assistant County Attorney
juntereker@epcounty.com
500 East San Antonio, Room 503
El Paso, Texas 79901
Telephone: +1 915 546-2050
Facsimile: +1 915 546-2133

*Admitted pro hac vice

Attorneys for Lisa Wise, in her official
capacity as the El Paso County Elections
Administrator

     and

13

JOHN CREUZOT
CRIMINAL DISTRICT ATTORNEY
DALLAS COUNTY, TEXAS

*/s/  Barbara S. Nicholas*
Barbara S. Nicholas
Assistant District Attorney
Texas Bar No. 24032785
barbara.nicholas@dallascounty.org
Ben Stool
Assistant District Attorney
Texas Bar No. 19312500
ben.stool@dallascounty.org
500 Elm Street, Suite 6300
Dallas, Texas 75202
Phone: (214) 653-7358
Fax: (214) 653-6134

*Attorneys for Michael Scarpello, in his
official capacity as the Dallas County
Elections Administrator*

   *and*

CHRISTIAN D. MENEFEE
HARRIS COUNTY ATTORNEY

*/s/   Tiffany S. Bingham*
JONATHAN G.C. FOMBONNE
First Assistant Harris County Attorney
State Bar No. 24102702
Jonathan.Fombonne@harriscountytx.gov
TIFFANY S. BINGHAM
Managing Counsel
State Bar No. 24012287
Tiffany.Bingham@harriscountytx.gov
SAMEER S. BIRRING
Assistant County Attorney
State Bar No. 24087169
Sameer.Birring@harriscountytx.gov

*Attorneys for Clifford Tatum, in his official
capacity as the Harris County Elections
Administrator*

## CERTIFICATE OF SERVICE

I hereby certify that on August 30, 2022, **Defendants Lisa Wise, Michael Scarpello, and Clifford Tatum's Motion for Reconsideration and/or Clarification** was served through the Court's CM/ECF Document Filing System upon each attorney of record.

*/s/ Orion Armon*
Orion Armon (CO SBN 34923)